32966. BUSSEY *v.* GLOBE INDEMNITY COMPANY *et al.*

DECIDED APRIL 7, 1950.

*T. Elton Drake, R. Beverly Irwin,* for plaintiff.

*Neely, Marshall & Greene, C. Baxter Jones Jr., Powell, Gold-stein, Frazer & Murphy,* for defendants.

FELTON, J. The court below rendered the following opinion and judgment in setting aside the award of compensation: "1. The evidence shows that the claimant did not suffer any 'injury by accident arising out of . . the employment' within the meaning of the Workmen's Compensation Law (Code § 114-102).

Claimant's injuries were the result of disease and not of accidental injury. 2. Even if the claimant's attack could be construed as an accidental injury, claimant's case does not fall within *U. S. Casualty Co.* v. *Richardson,* 75 *Ga. App.* 496, *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649, and *Griggs* v. *Lumbermen's Mutual Casualty Co.,* 61 *Ga. App.* 448, because there is no evidence that any unusual or excessive physical exertion required of claimant by his employer was the precipitating cause of the claimant's attack. (It is also to be noticed that in the *Williams* case, supra, the court said, 'The company knew of his diseased condition when he was employed, and worked him in that condition.') The claimant testified that the attack occurred while he was in the restroom and that he had been back upstairs 'five or six minutes' (see p. 23 of testimony taken March 29, 1949). If there is any evidence to sustain claimant's contentions it is only that of Dr. Blackford. He testified on March 29, 1949 that he saw claimant professionally in 1936 and then only *after* the attack in May, 1948. On p. 29 of testimony taken March 29, 1949 he testified that it was his opinion that the physical exertion was the immediate precipitating cause but on cross-examination it was developed (p.29) that this opinion was based upon the history given him after the attack and that the history was given him by 'some gentleman with him whose name I don't recall,' and the only basis given is 'I understood that he had climbed some steps after walking some distance.' I do not consider Dr. Blackford's statement of March 29, 1949 to be of any probative value because of the basis upon which it was rendered. In his previous testimony (on p. 28 of testimony taken October 14, 1948) he said he saw claimant professionally in 1939, and his blood pressure was 184 over 122 and Christmas Eve, 1947 it was 230 over 130 and on May 25, 1948 it was 264 over 130 after the stroke and on p. 29 (testimony October 14, 1948) he testified as follows: 'Q. From your examination of Mr. Bussey did you have any opinion as to what brought his condition on? A. No, sir.' The hypothetical question on p. 30 embraced the following: 'that *immediately* after the work (walk?) and climbing those stairs he is seized with the condition as you found Mr. Bussey in at the time you saw him on May 25, 1948 state whether or not in your opinion that would ac-

celerate his blood pressure, precipitate or bring on the condition that you found?' The answer was: 'I would assume that it did precipitate it.' I do not consider Dr. Blackford's opinion given October 14, 1948 to be any evidence to sustain the award because his opinion was based upon an attack *immediately* whereas the evidence most favorable to claimant was claimant's own testimony that the attack occurred in the restroom to which he went five or six minutes after ascending the stairs. Without either of these opinions of Dr. Blackford there is no evidence to sustain the award and being of the view that these two opinions are without probative value upon the issue in the case, I therefore believe that the award was erroneous. It is therefore ordered and adjudged that the award be; and it is hereby, set aside and judgment is rendered in favor of S.S.S. Company and Globe Indemnity Co."

1. If the board's award was authorized by the evidence and legitimate inferences from the facts proved, the superior court was without authority to set it aside. If the evidence authorized the award it cannot be set aside even if the board considered illegal evidence or assigned erroneous reasons for the award, provided it was not based on an erroneous legal theory. *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d, 295).

2. It is immaterial that the physical exertion engaged in by an employee is not unusual or excessive, and that the employer did not know about the employee's diseased condition. *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d, 84); *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d, 478).

3. The employer and insurance carrier contend that the only evidence tending to support the award of the board was the answer to a hypothetical question propounded to Dr. Blackford, a witness for claimant. Dr. Blackford was asked to assume that the employee suffered his attack *immediately* after he had climbed the twenty-three steps. The contention is that Dr. Blackford's opinion that the exertion contributed to the attack is insufficient to authorize the award for the reason that the question and answer did not show that it was the doctor's opinion that the exertion would have contributed to the attack

if the attack had occurred *five or six minutes after the climbing of the stairs.* The hypothetical question followed the evidence sufficiently in other respects. The testimony of Dr. Blackford is good as far as it goes, and the board was authorized to infer, from the fact that exertion in climbing the steps would contribute to the attack *immediately,* the fact that, if the attack was five or six minutes removed from the exertion, the exertion would still be a contributing cause of the attack in some degree. Dr. Blackford was not cross-examined as to what he meant by "immediately," or as to what he would say if the attack came five or six minutes after the climbing of the steps. Dr. Richardson, witness for the employer and insurance carrier, testified apparently to the contrary, but his testimony does not contain an outright opinion that if the attack occurred within five minutes of the exertion the exertion did not contribute to the attack. The hypothetical question propounded to Dr. Richardson assumed that an interval of ten minutes elapsed between the step climbing and the attack, and he testified that in his opinion there was no causal relation between the two. He further testified that a healthy heart, after exertion, would return to normal in a minute or two and that a diseased heart would return to normal in twice that time. He stated that a diseased heart will have recovered from elevation of pressure *"after five minutes."* Mathematical certainty is rarely to be arrived at in such cases as this. The only thing we can do is to follow the weight of probabilities as dictated by the lights before us, and we say without hesitation that the weight of probabilities in this case supports the board's award. It must be remembered that there was no attempt by any witness to gauge the time between the exertion and the attack with a stop-watch. Even if the evidence shows that the employee's misconduct in handling finances of his employer probably contributed to his heart condition, this does not alter the probability that the climbing of the steps also contributed to the attack. This is not a case in which it can be said that the evidence points with equal force to two opposing theories.

The award of the board was supported by some competent evidence, and the court erred in setting it aside.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*