33699.   GLOBE INDEMNITY COMPANY *et al. v.* BROOKS.

Decided October 4, 1951.

688

*Fulcher & Fulcher*, for plaintiffs in error.

*Paul T. Chance*, contra.

TOWNSEND, J. (After stating the foregoing facts.) It is well settled that an award in a workmen's-compensation proceeding must be supported by findings of fact; that findings of fact must be based on evidence, and that mere conjecture does not constitute evidence upon which such findings may be based. *Lathem* v. *Hartford Accident & Indemnity Co.*, 60 *Ga. App.* 523 (3 S. E. 2d, 916); *U. S. Fidelity & Guaranty Co.* v. *Brown*, 68 *Ga. App.* 706 (23 S. E. 2d, 443); *Woodruff* v. *American Mutual Liability Ins. Co.*, 67 *Ga. App.* 554 (21 S. E. 2d, 298). It is also indisputable that a disability resulting from loss or loss of use of a specific member, where there is no superadded injury or disease affecting other portions of the body, should be computed under Code § 114-406, providing schedules of compensation relating to loss of specific members, rather than Code § 114-404,

providing for total incapacity to work; and this is true even though the claimant is totally incapacitated at the time. See *New Amsterdam Casualty Co.* v. *Brown,* 81 *Ga. App.* 790 (60 S. E. 2d, 245); *Travelers Insurance Co.* v. *Reid,* 178 *Ga.* 399 (173 S. E. 376), reversing 46 *Ga. App.* 168 (167 S. E. 222). It is recognized here that the claimant's disability and the injury to his leg are serious and apparently permanent. This alone, however, would not entitle him to disability benefits for a period of 350 weeks or until a change of condition. It is undisputed, however, that the claimant did sustain other injuries, including chest contusions; and the only question is one of fact as to whether there was, as a result thereof, an aggravation of his heart condition which aided in the general impairment of his physical condition. The director had a right to find from the evidence that the claimant at the time of the hearing was totally disabled. He also was authorized to find that there had been a chest injury in addition to the leg injury, and that the claimant was presently suffering from a heart disability and increased nervousness; also, that there was a causal connection existing between the chest injury and the resultant disability of the claimant, which affected other portions of his body besides the specific injury to his leg. The finding that the disability of the claimant resulted from multiple or superadded injuries and was not confined entirely to the leg injury was authorized by the evidence, and the judgment of the superior court affirming the award is therefore without error.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*