35092.   THOMPSON-WEINMAN COMPANY *et al. v.* YANCEY.

DECIDED MAY 12, 1954—REHEARING DENIED MAY 26, 1954.

*Harry E. Monroe,* for plaintiffs in error.
*Pittman & Greene,* contra.

GARDNER, P. J. 1. Mrs. Lawrence Yancey, defendant in error here (whom we shall hereinafter refer to as the claimant) filed her claim against Thompson-Weinman, Paga Mining Company (employers), and Coal Operators Casualty Company, the insurance carrier, plaintiffs in error (hereinafter referred to as 'the defendants), to determine liability, compensation, and dependency. On the hearing before a single director an award was entered by the State Board of Workmen's Compensation. Compensation was denied. The claimant in due course filed an appeal to the full board, which affirmed the award of the single director. In due course the claimant appealed from the award of the full board to the Superior Court of Bartow County on the usual grounds, one of which is as follows: "The directors acted in excess of their powers and without authority in that the award denying compensation was influenced by specific findings of facts not authorized by the evidence. The award being based partly upon a medical conclusion not supported by any facts as a basis to show the conditions of the deceased's employment, nor of what the employee's duties consisted of at the time of injury."

The superior court, after the hearing, required the attorneys for both parties to file a certain brief with the court within ten days. Thereafter, on January 4, 1954, the judge of the superior court entered judgment as follows: "The above and foregoing matter having been assigned for a hearing by the court at two o'clock p. m. on the 7th day of August, 1953, courthouse, Bartow County, Georgia, and notice of said hearing having been duly given to the parties herein and at said hearing the case was submitted for a decision upon briefs filed by the parties hereto, and after consideration of said case it is hereby ordered, decreed and adjudged that the final award of the Industrial Board of Georgia entered in said matter is hereby set aside and said matter is hereby recommitted to said Board with instructions that it enter up an award in favor of the claimant, Mrs. Lawrence Yancey, widow of Lawrence Yancey, deceased, in accordance with Code section 114-413, Georgia Code Annotated, which provides compensation for death resulting from injury and expenses of last sickness and funeral. The Court finds that the directors acted without or in excess of their power; that the facts found

by the directors do not support the order or decree as rendered; that there is not sufficient competent evidence in the record to warrant the directors in making the order or decree complained of and that said order and decree is contrary to law in that the director found as follows:

"1. That claimant has failed to carry the burdens that show that this employee's death is due to any accident or injury directly or indirectly; that is, that the claimant has failed to carry her burden of proof under the Workmen's Compensation Act.

"2. That the evidence is not sufficient to show that the employee's death was due to trauma.

"3. That the directors held that the evidence fails to show sufficiently that he did one lick of work when he arrived on the premises.

"The court further finds that the unauthorized findings of the director were based in part upon a medical conclusion not authorized by the facts and evidence and said unauthorized findings influenced the acceptance of one theory as to the cause of the decedent's death rather than the other. Thus, the findings are effected by material conclusions not authorized by the evidence and that the denial of an award to claimant was influenced at least in part by specific findings of fact not authorized by the evidence. It is further ordered that the judgment of this Court be recommitted to the State Board of Workmen's Compensation in order that a judgment may be entered up in favor of claimant herein in accordance with this judgment."

On this judgment of the superior court the defendants filed their bill of exceptions to this court, alleging that such judgment was contrary to law, contrary to the evidence, erroneous, and was contrary to the contentions and interest of the defendants. The defendants contend more specifically that the award of the full board is supported by competent evidence, and therefore is conclusive. It is further contended that, the award being supported by competent evidence, the finding of the full board is conclusive in the absence of fraud or a showing that the directors exceeded their powers; that the superior court erred in not affirming the award; and that the judge of the superior court was without power or authority to set aside and remand the case to the board and direct that the board enter an award in favor of the

216

claimant. We will not endeavor to set forth the evidence in full because there is so much of it concerning which there is no dispute between the parties, but we will discuss such portions of the evidence during the course of the opinion as is deemed necessary to a correct holding under the evidence and the law applicable thereto.

Counsel for the defendants in the written argument pose this question: "Was the single director and the full board correct in deciding that the evidence failed to show sufficiently that the deceased did one lick of work when he arrived on the premises?" In this connection, further on, counsel for the defendants stated: "If this court should decide that the board erred in finding that the deceased *did not do any work*, then the next question to consider is: 'Was there sufficient exertion, which would be considered an accident arising out of and in the course of the employment?'" In our opinion, this statement of distinguished counsel for the defendants sets forth correctly the contentions to be decided in this opinion.

2. (a) We will first deal with the evidence and the law to determine whether the findings of the single director were correct in that the evidence fails to show that the deceased husband of the claimant, under the evidence, did not "do one lick of work." It is undisputed that the deceased husband reported for work at the regular time—7 on the morning of the accident; that he was directed by his foreman to repair a dryer pump; that the dryer pump was fifteen or sixteen stair steps above the ground; that the deceased, following the directions of his foreman, carried his tools up the steps; that the tools were found on the twelfth step. The foreman testified that he met the deceased coming down the steps, and that the deceased complained of a pain in his chest and complained of having a choking sensation; that almost immediately the deceased reached the bottom of the flight of steps and had a severe coughing attack, and was taken to a hospital where he died within approximately one hour. Did this testimony authorize the director to find that the deceased had not done a "lick of work?" "Work" is defined in Black's Dictionary, third edition, as follows: "Any form of physical or mental exertion, or both combined, for attainment of some object other than recreation or amusement." In *National Surety Corp.*

v. *Orvin,* 209 *Ga.* 878, 880 (76 S. E. 2d 705) the Supreme Court said: "The State Board of Workmen's Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly. *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 618 (123 S. E. 897). The General Assembly has not conferred upon the State Board of Workmen's Compensation, or the chairman thereof, any authority to limit or restrict the generally approved and accepted meaning of words, phrases, and clauses of the English language." In this case we call attention to the many citations under Code § 114-103, catchwords "Arising out of and in the course of employment," to the effect that the performance of anything incidental to the claimant's duties and any injury arising therefrom is considered as arising out of and in the course of the employment and is compensable. Under the evidence in this record, we cannot to our way of thinking conclude that the deceased was not acting within the course and scope of his employment and was not at the time performing the duties and work incidental to his employment. Consequently, the finding of the hearing director that, at the time of the injury the defendant was not performing and had not performed one lick of work in the course or scope of his employment, was an erroneous finding and a conclusion of the director which was not sustained by the evidence or by the law. He thus exceeded his authority and so did the full board in affirming such finding. We think it would be superfluous to say anything further on this phase of the case.

(b) We come next to consider the second phase of the case as to whether or not the finding of the director, that the evidence failed to show that the accident was attributable to the exertion of the deceased in the performance of his duties while in the course of his employment, as above set forth, was authorized. It is undisputed by the medical authorities for both parties that at the time of the accident the deceased was afflicted with the heart ailment. Where, as here, the employee is suffering from a heart ailment, in order to make out a prima facie case, the claimant must show, in addition to the heart ailment, that the work aggravated the heart ailment and that the two conditions together caused the injury or death of the deceased. Counsel for the defendants call our attention to the testimony of two physi-

cians. A witness for the claimant, Doctor Stanford, testified as follows: "That he did not examine or treat Mr. Lawrence Yancey. That a deposit of calcium in the lungs would cut down on the oxygen content in the blood. That overexertion would affect any kind of heart trouble and rest is usually prescribed for it. That going upstairs is one of the worst things that can be done with heart trouble. If a man had a condition of the lungs from constantly inhaling bay oil dust and coughing, it would naturally bring on or contribute to his death if he had heart trouble. That the disease that results from inhaling dust is silicosis which progresses over a number of years before it is fatal to a man and thrombosis has no connection with the silicosis."

Doctor L. R. Whatley testified on behalf of the defendants as follows: "That on June 7, 1952, 7:30, he was called from the hospital by a nurse who said a man was brought in and they thought he had been gassed. Witness instructed her to start oxygen and give a nerve stimulant. He arrived at the hospital at 7:45 and examined the patient. He was lying on his right side on the operating table; skin was pale, sweating profusely, pulse rate was 70, blood pressure was normal; heart sounds were easily audible, no murmer and no gallop. Patient was conscious but had eyes closed, and responded to questions in an orientated manner. Patient said he was at work when a severe pain in his chest hit him and his left arm ached severely. He was still having some chest pain with left arm radiation. He was put in a private room and given a quarter grain of morphine and a half ounce of whisky. Witness left the room and was called back to patient whose respiration was about four a minute, no heart sounds were audible and he passed away, that he performed an autopsy and made a report to the employer and its counsel. An embolus was found plugging the left coronary artery. There was a closure from thick scar tissue, calcium deposit arteriosclerosis, an aortic stenosis. From the examination, the cause of death was determined as 'embolus in anterior descending coronary artery,' that it could have happened anywhere, any time, at bed rest, regardless of what one is doing at the time, that the embolus is an entirely separate condition from a coronary thrombosis, that Mr. Yancey's lungs were not normal and he had a chronic lung disease, that they do not know what

starts an embolus circulating in the blood stream; there is no evidence of any trauma starting it."

It will be noted that Doctor Stanford testified that over-exertion *would* accelerate or increase heart trouble, and that climbing stairs is the worst thing one can do with heart trouble. Doctor Whatley testified to the effect that the deceased had a form of heart trouble. He further testified that the deceased told him that he was at work when the heart attack hit him. It will be noted further that Doctor Whatley testified that, even though the defendant had a heart ailment in the nature of thrombosis or embolus, said disease should not be related in any way to what the deceased was doing. We think there is quite a difference between the meaning of the two words. It will be noted that Doctor Whatley testified that it is not known what caused embolus. While Doctor Whatley stated that there was no evidence of trauma, he did not state that the embolus did not aggravate the heart condition which, upon the performance of the autopsy, he found to exist, but he did testify that he did not know the cause of embolus. It might be well to call attention to several decisions. In view of what we have said, we call attention to *U. S. Casualty Co.* v. *Kelly,* 78 *Ga. App.* 112, 116 (50 S. E. 2d 238) wherein this court defined "would" and "could."

See also *Sisson* v. *American Mutual Liability Ins. Co.,* 71 *Ga. App.* 284 (30 S. E. 2d 501), wherein this court said: "Where an award denying compensation was most probably influenced, at least in part, by a specific finding of fact not authorized by the evidence, it was error for the judge of the superior court to dismiss the appeal. . . The presumption is that the denial of compensation was because the director and the board were influenced in a material degree by such findings of fact. This being true, if such a finding was unauthorized the award was based, at least partially on an unauthorized finding of fact and the whole award was vitiated thereby and must be reversed, even though the award might have been authorized by other findings of fact authorized and legally made. . . The findings are affected by material conclusions not authorized by the evidence." In that case the petition was dismissed because it was evident that the judgment of the trial court was based on facts not warranted by the evidence.

In *Maryland Cas. Co. v. Dixon,* 83 *Ga. App.* 172 (63 S. E. 2d 272), this court said: "Where the employment contributes to the injury, it is an accident under the terms of the law, regardless of whether or not some other factors united with the employment to produce it. . . Nor must the accident suffered˚ . . . [be] one caused by external factors alone, such as a blow or other external violence, but a stroke, a ruptured blood vessel, or a heart attack may, under proper circumstances, be the subject matter of compensation. . . The fact that such an attack is made more likely or probable by a pre-existing weakened physical condition is not a ground for denying compensation, if there is sufficient competent evidence that it was traumatic rather than idiopathic in origin." See headnote 2 in *Hartford Accident &c. Co. v. Waters,* 87 *Ga. App.* 117 (73 S. E. 2d 70), and citations therein. It might be noted here that in the last-cited case there was no expert opinion to the effect that the exertion contributed to the attack, whereas in the instant case there is positive testimony on behalf of the claimant that the exertion did contribute to the attack. On the other hand, the testimony for the defendants is to the effect that they did not know what would cause an embolus but that there was no evidence of trauma. The director stated as a fact that, since there was no trauma according to one physician, compensation should be denied. Thus we hold that this finding of fact and conclusion of law according to an excess of authority on the part of the hearing director was an erroneous finding of fact without evidence to sustain it. Counsel for the defendants call our attention to *Shelby Mutual Cas. Co. v. Huff,* 87 *Ga. App.* 463 (74 S. E. 2d 251). The facts in that case are not analogous to those here, as the facts in the instant case show a heart ailment and exertion. In the *Shelby* case there was no evidence as to any heart ailment. Proof of both is required to sustain an award in a case such as the one at bar. Counsel for the defendants call our attention to *Peninsular Life Ins. Co. v. Brand,* 57 *Ga. App.* 526 (196 S. E. 264). That case is not in point for the reason that there was a conflict on the material issues involved, and the director resolved the conflict in favor of the employer. As we find the evidence in this case and as we have recited it hereinabove, the effect of Dr. Whatley's testimony is that he did not know what caused the em-

bolus, as he termed it. Counsel for the defendants call our attention to *Liberty Mutual Ins. Co.* v. *Blackshear*, 197 *Ga.* 334 (28 S. E. 2d 860). That case is distinguished from the instant one because that case deals with a hernia. The provisions of the Workmen's Compensation Act in a case of hernia are different from those applying to other injuries. Our attention is called to *Maddox* v. *Bruce Transfer &c. Co.*, 81 *Ga. App.* 503 (59 S. E. 2d 329). That case is to the effect that, where the evidence is as to the question of the death of the employee and the board finds as a fact that the burden of proof has not been carried by the plaintiff, such finding is binding upon the court. That case is not authority in the instant case. As we have pointed out, there is no conflict in the evidence in the instant case as to the question of death. An embolus caused the immediate death of the deceased in the instant case and that fact is not disputed by the defendants, whereas the contention of the plaintiff is that it was either caused by an embolus or a coronary thrombosis. A traumatic disease does not necessarily involve some evidence of external violence. Under our law a traumatic disease is distinguished from an idiopathy. The evidence in the instant case as we interpret it, fails to show a conflict in the evidence as to exertion. Such being true, the above-cited case is not authority as applied to the facts in the instant case, for there is evidence in this record to the effect that the plaintiff carried her burden of proof and the director exceeded his power in ruling otherwise, in that his award was based on a conclusion not supported by the evidence. This being true, the trial judge of the superior court did not exceed his authority in entering an order to the effect that an award should be entered by the State Board of Workmen's Compensation in favor of the claimant. She made out her prima facie case; then it was that the burden of evidence shifted to the defendants to show by competent evidence that the accidental injury and death of the deceased was caused by some supervening cause. In this connection we call attention to 21 *Ga. Digest* 762, "Workmen's Compensation," key number 570, wherein it is said: "Overexertion causing a cerebral hemorrhage is a 'traumatic disease' and compensable. Code 1933, § 114-102.—*Griggs* v. *Lumbermen's Mut. Cas. Co.*, 61 *Ga. App.* 448 (6 S. E. 2d 180), affirmed *Lumbermen's Mut. Cas. Co.*

v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d 84)." Our attention is called to *American Mutual Liability Ins. Co.* v. *Brackin,* 68 *Ga. App.* 256 (23 S. E. 2d 505). In that case the court simply held that there was some competent evidence to sustain the award. In the instant case there is no competent evidence to sustain the award in favor of the defendants, as we have hereinabove pointed out. Counsel cite numerous decisions to the effect that the judge of the superior court does not have the discretionary powers vested in him under the common law which he exercises on a motion for new trial. We agree with this principle of law. Those cases are *U. S. Fidelity &c. Co.* v. *Hall,* 34 *Ga. App.* 307 (129 S. E. 305); *Clark* v. *Fisher Body Co.,* 49 *Ga. App.* 260 (175 S. E. 265); *Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262 (175 S. E. 265); *Travelers Ins. Co.* v. *Wofford,* 81 *Ga. App.* 421 (1) (58 S. E. 2d 853); *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75). We also agree with counsel for the defendants that, where the evidence does not authorize the award, the superior court can remand the case to the board and the board may hear additional evidence including newly discovered evidence, but where the evidence supports the award, the superior court has no authority to remand a case to the board. See these citations as follows: *White Provision Co.* v. *Culbreath,* 58 *Ga. App.* 628 (199 S. E. 318); *Continental Cas. Co.* v. *Caldwell,* 55 *Ga. App.* 17 (189 S. E. 408); *Hartford Accident &c. Co.* v. *Cox,* 191 *Ga.* 143 (11 S. E. 2d 661).

But the difference between those principles of law and the controlling principles of law under the facts and law of this case is that, in the instant case, the evidence *demanded* an award for the claimant. In such event it is without authority and it is the duty of the judge of the superior court to enter the judgment, as in the instant case, directing the State Board of Workmen's Compensation to enter an award in accordance with the evidence. We agree with counsel for the defendants that a fact may be proven or disputed by circumstantial or direct evidence, and that a director may find an award so long as there is any evidence to support the finding, but the circumstantial evidence and the direct evidence in the instant case were all in favor of the claimant. Counsel for the defendants cite a number of decisions on this point, but they are not applicable and do not

sustain the contention herein involved. Those cases are *Peninsular Life Ins. Co.* v. *Brand,* supra; *Liberty Mutual Ins. Co.* v. *Blackshear,* supra; *Maryland Cas. Co.* v. *Sanders,* 182 *Ga.* 594 (186 S. E. 693); *Whitfield* v. *American Mut. Liability Ins. Co.,* 44 *Ga. App.* 478 (162 S. E. 297).

The judgment of the superior court is

*Affirmed. Townsend and Carlisle, JJ., concur.*