35452.   HOFFMAN *v.* NATIONAL SURETY
CORPORATION *et al.*

DECIDED JANUARY 27, 1955.

*Currie & McGhee*, for plaintiff in error.

*Marshall, Greene & Neely*, contra.

TOWNSEND, J. The sole question here is whether the claimant widow carried the burden of showing that her husband's exertion in and about the duties of his employment contributed toward precipitating the seizure from which he died. In *Hartford Accident &c. Co.* v. *Waters*, 87 *Ga. App.* 117 (73 S. E. 2d 70) it was held that the amount of exertion shown by the evidence in that case authorized the conclusion that it precipitated or contributed to the cerebral hemorrhage which caused the employee's death.

In *Shelby Mutual Cas. Co.* v. *Huff*, 87 *Ga. App.* 463, 465 (74 S. E. 2d 251) the following was held: "Where it is shown that the cause of death is cerebral hemorrhage or some other disease with which exertion on the part of the employee as shown by the evidence may be expected to concur in precipitating an attack, and where such employee, so suffering, exerts himself in the course of his employment, these facts are sufficient under the above ruling to authorize an award in the claimant's favor. Both the disease and the exertion must be shown, however." In a heat stroke case, *Globe Indemnity Co.* v. *Simonton*, 88 *Ga. App.* 694, 696 (76 S. E. 2d 837) it was held as follows: "But, to carry the burden, the claimant should have some evidence in the record as to the exertion which actually existed at the time of the heat stroke, and some testimony, opinion or otherwise, that the quantum of physical exertion present would contribute to the seizure."

In *Williams* v. *Maryland Cas. Co.*, 67 *Ga. App.* 649 (21 S. E. 2d 478) it was held that "the particular injury complained of need not have been foreseen or expected, but it is sufficient if, after the injury, it can be traced to the employment as a contributing cause," and it was in that case decided that where an employee has been working all day with a heavy sledge hammer in a stooped-over position, using the hammer in calking a pipe, and such person has serious heart trouble and enormously high blood pressure with arteriosclerosis, no reasonable inference can be drawn as a matter of law, other than that the work and exertion of the deceased, in his subnormal and diseased condition, caused the collapse from which he died. In *Lumbermen's Mutual Cas. Co.* v. *Griggs*, 190 *Ga.* 277 (9 S. E. 2d 84) there was opinion evidence that the exertion of the claimant in unloading a car of cement increased the blood pressure to the extent of causing the ruptured blood vessel and stroke. In that case, at page 284, it was also stated "that to award compensation under the act there must be evidence to show that the employment contributed to the accident; and ultimately the case must turn on whether the disease, standing alone, caused the injury or whether it was caused in part at least by the work." While the exertion shown in *Bussey* v. *Globe Indemnity Co.*, 81 *Ga. App.* 401 (59 S. E. 2d 34) and in *Thompson-Weinman Co.* v. *Yancey*, 90 *Ga.*

*App.* 213 (82 S. E. 2d 725) was slight, there was opinion evidence that the quantum of exertion shown by the evidence in the case was sufficient to contribute to the precipitation of the attack. In *Travelers Ins. Co.* v. *Young,* 77 *Ga. App.* 512 (48 S. E. 2d 748) the court grounded its opinion that a finding of accidental injury was demanded where the employee suffered heart failure while in the course of fighting fires, which was shown to be very strenuous work, without reference to testimony of medical experts.

From the above, it must be concluded that it must be shown by evidence, opinion or otherwise, that the exertion attendant upon the duties of employment, no matter how slight or how strenuous, and no matter with what other factors—such as pre-existing disease or predisposition to attack—it may be combined, was sufficient to contribute toward the precipitation of the attack. Where evidence as to the work engaged in shows it to be sufficiently strenuous, or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that it did so contribute, this is sufficient. In other cases, the opinions of experts that the exertion shown by the evidence to exist would be sufficient is also sufficient to authorize a finding on the part of the fact-finding tribunal that it did. But, in one way or another, the fact must appear.

In the present case, practically the only evidence of exertion on the part of the employee in the course of his employment is that, while discussing certain pipes, he squatted down and pointed to one of them. Thus, this case is far weaker on its facts than any above cited. In addition, the claimant's physician refused to express an opinion that such facts would be sufficient in his opinion to authorize an affirmative conclusion.

Accordingly, there was no evidence to support the finding of fact that the exertion of the employment contributed to the deceased's death, and the judge of the superior court did not err in reversing the award of the single director.

*Judgment affirmed with direction that the case be remanded to the Board of Workmen's Compensation with leave to the claimant, if she desires, to present testimony on this issue.*

*Gardner, P. J., and Carlisle, J., concur.*