35711. ATLANTA TRANSIT CO. *v.* KNIGHT.

DECIDED JUNE 22, 1955—REHEARING DENIED JULY 8, 1955.

*John M. Williams,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Richard D. Carr,* contra.

TOWNSEND, J. ■ It was held in *Hoffman* v. *National Surety Corp.,* 91 *Ga. App.* 414 (85 S. E. 2d 784) as follows: "Where, as here, compensation is sought under the Workmen's Compensation Law based on an accident growing out of the death of the employee due to a heart attack alleged to have been precipitated by exertion on the part of such employee while in the course of his employment, in order for there to be a recovery on the part of the claimant, either the evidence must show the work engaged in

by the employee to have been sufficiently strenuous or of such a nature that, combined with the other facts of the case, it raises a natural inference through human experience that the exertion contributed toward the precipitation of the attack, or there must be medical testimony that the exertion, however slight, would have been sufficient to precipitate such an attack." In that case, as here, the employee had a serious pre-existing arteriosclerotic condition; in both cases the attack occurred while the employee was at work; in both cases the work immediately preceding the attack involved walking about with another person in a supervisory capacity and did not involve any exertion beyond that ordinarily attendant upon walking, talking, directing, supervising and inspecting. In the present case the seizure occurred after the employee had driven to work, walked approximately 175 feet to his office, called the starter, walked into the room where foremen were present and gave them their orders, walked out of the office to watch the crews get their trucks and leave, then started toward a Coca-Cola machine and the "trouble truck", when the employee staggered against the wall and collapsed. In both cases death occurred from the seizure—coronary thrombosis in the *Hoffman* case, brain hemorrhage in this one. The *Hoffman* case was reversed because there was no evidence in it (as there was held to be in the case of *Hartford Accident & Indemnity Co.* v. *Waters,* 87 *Ga. App.* 117, 73 S. E. 2d 70) sufficient in and of itself to support a finding, based on reasonable probabilities, that the quantum of exertion shown by the evidence would be sufficient, there being no opinion evidence on this point, to authorize a conclusion that the exertion did contribute toward the attack. The evidence held to be sufficient to support such a finding in the absence of opinion evidence, in the *Waters* case, was that the claimant, with a broom weighing two to' four pounds, had been brushing lint from spinning frames for between five and fifteen minutes, which was, if not a showing of great exertion, at least a greater showing of exertion than there is in either the *Hoffman* case or this case. In this case, however, the deficiency is supplied by the presence of affirmative opinion medical testimony that the exertion shown by the evidence did contribute to the attack.

The brief of able counsel for the plaintiff in error succinctly

points up the divided view of various jurisdictions in this country regarding the compensability of heart disease cases under similar circumstances, and forcefully argues that exertion on the job which does not exceed the normal exertion of any person not confined to a sick bed should be held not to precipitate an attack where, as here, there is a pre-existing infirmity, but should be held to be no part of the proximate cause of the death. It is contended that medical testimony that the exertion "contributed to the attack" does not mean that exertion "precipitated" the attack. The word "precipitate" in this sense means only the immediate onset of the seizure, or the act of occurrence at an earlier rather than a later time. We do not see how exertion could contribute to the attack at the exact moment when the testimony shows the attack occurred without contributing to its precipitation at that moment. It was stated in *Hartford Accident & Indemnity Co.* v. *Oglesby,* 70 *Ga. App.* 160 (27 S. E. 2d 774): "This court cannot say as a matter of law that a certain amount of physical exertion materially contributed to the death of one in whom a circulatory collapse had already begun because of a blood transfusion. On such a question, as shown by the record, medical experts disagree, and this court is not qualified to settle so controversial a question." The converse is equally true, and where the Board of Workmen's Compensation has entered an award in favor of the claimant based on competent opinion evidence that the exertion shown contributed to the attack from which the employee died, this court cannot, as a matter of law, hold that such award is unauthorized. This court is committed to the proposition that where the employment can be traced to the injury as a contributing cause, it matters not what combines therewith to produce the injury. *Maryland Casualty Co.* v. *Dixon,* 83 *Ga. App.* 172 (163 S. E. 2d 272); *Thompson-Weinman Co.* v. *Yancey,* 90 *Ga. App.* 213 (82 S. E. 2d 725). "It is immaterial that the physical exertion engaged in by an employee is not unusual or excessive. . . *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d 84); *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d 478)." *Bussey* v. *Globe Indemnity Co.,* 81 *Ga. App.* 401 (2) (59 S. E. 2d 34). Testimony as to the amount of exertion, plus opinion evidence that this amount was sufficient to contribute to the attack from which

472

the employee died, is sufficient to authorize the award of the hearing director in this case.

█ Nor was the award contrary to law in that the evidence demanded that at the time of the seizure the employee was on a mission purely personal to himself. It appears that Knight and his companion started toward the corner of the building where there was a Coca-Cola machine; that they ordinarily got a drink at this time of day; that, however, there was a "trouble-shooting" truck being loaded in the immediate vicinity and the companion first went toward it thinking Knight was with him, and that when he looked back Knight was staggering against the wall. Regardless of the question of whether drinking a Coca-Cola would be a deviation from employment, no finding was demanded that the employee was "turning aside" for the purpose of so doing at that particular moment.

The judge of the superior court did not err in affirming the award.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*