### 35956. AETNA CASUALTY & SURETY CO. et al. v. CORN.

DECIDED JANUARY 26, 1956.

*Haas, White & Douglas,* for plaintiff in error.

*James A. Bagwell,* contra.

TOWNSEND, J. The appeal to the full Board of Workmen's Compensation being a de novo investigation, the only question for this court to decide is whether there is any evidence to support the award. It has long been established that regardless of what factors of pre-existing injury or disease enter into the case, if the exertion which the employee undertook was too great for him in his then existing condition of health so that it contributed to the attack from which he died, the death is compensable. *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d 84); *Thompson-Weinman Co.* v. *Yancey,* 90 *Ga. App.* 213 (82 S. E. 2d 725); *Federated Mutual &c. Ins. Co.* v. *Elliott,* 88 *Ga. App.* 266 (76 S. E. 2d 568); *Maryland Casualty Co.* v. *Dixon,* 83 *Ga. App.* 172 (63 S. E. 2d 272). The rule laid down for determining whether or not the amount of exertion on the part of the employee shown to exist combined with other factors present to produce the attack is stated in *Hoffman* v. *National Surety Corp.,* 91 *Ga. App.* 414 (85 S. E. 2d 784), as follows: "Either the evidence must show the work engaged in by the employee to have been sufficiently strenuous or of such a nature that combined with the other facts of the case, it raises a natural inference through human experience that the exertion contributed toward the precipitation of the attack, or there must be medical testimony that the exertion, however slight, would have been sufficient to precipitate such an attack."

Both physicians testifying as experts in the case stated frankly that there is a difference of opinion in medical circles as to the effect of exertion in certain types of heart cases. Both indicated they did not believe exertion played a part in the formation of a blood clot. Dr. Lipman, for the claimant, on the basis of facts stated in the autopsy questioned the validity of the conclusion that coronary thrombosis, or clot, was the cause of death, could not state positively whether or not the claimant's exertion actually brought on the attack but felt that under all the facts stated this was a natural assumption. Dr. Richardson, for the employer, proceeding on the assumption that the thrombosis caused the death testified positively that exertion would not cause the thrombosis; that a coronary thrombosis is a coronary occlusion though an occlusion is not necessarily a thrombosis, though the words are frequently interchanged; that exertion would certainly aggravate a condition resulting from thrombosis and there is a period of time following thrombosis when a man can stand very little in the way of exertion. No blood clot was found by the autopsy. The full board found the cause of death to be coronary occlusion and compensable. In the present state of human knowledge and experience it is almost universally recognized that too much exertion for the physical existing condition of a person suffering from arterial or cardiac disease is injurious, and that a person having the advanced stages of disease present in the decedent can do far less in the way of exertion than can one not so afflicted. Dr. Lipman felt here that the amount of exertion shown was sufficient to contribute as a cause of death. The amount of exertion shown was considerable—walking for a number of miles, averaging 1½ miles per hour while he was on duty, carrying a clock and climbing flights of steps, as well as being on guard for intruders and making minor repairs. Under all of these facts it cannot be said that there was no evidence to support the award, nor does it appear that such finding is based on mere conjecture. Admittedly, the elements of proof in cases of this kind are far less conclusive than in, say, one of death by drowning or shooting, the connection between the employee's duties and the fatal attack (see *Globe Indemnity Co.* v. *Simonton*, 88 *Ga. App.* 694, 76 S. E. 2d 837) is more tenuous, but, the issue having been made in this manner, a question of fact is presented as to whether the claimant carried

the burden of proof. The full board found as a matter of fact that the cause of the claimant's death was coronary occlusion. This condition may be caused by a blood clot which, according to the evidence in this case, is wholly unrelated to exertion. The evidence is sufficient to show, however, that a partial occlusion of the coronary artery was a pre-existing condition, its lumen being only one fourth of its normal diameter, and the evidence is sufficient to authorize the finding that the exertion of the employee in the course of his employment was too great for this existing condition so that it contributed to the attack from which he died.

The judge of the superior court properly affirmed the award allowing compensation.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*