36076. REFRIGERATED TRANSPORT CO. *et al. v.* SHIRLEY *et al.*

TOWNSEND, J. 1. Where compensation is sought under the provisions of the Workmen's Compensation Law for death of an employee by reason of a heart attack which it is contended was proximately contributed to by the exertion of the employment, it is sufficient either to show such exertion as raises a natural inference through human experience of such causation, or to show by expert medical testimony that the amount of exertion actually existing might be treated as a causative factor. *Hoffman* v. *National Surety Corp.*, 91 *Ga. App.* 414 (85 S. E. 2d 784).

2. The direct and opinion testimony in this case was sufficient to support the award of the director in favor of the claimant, widow of the deceased employee.

3. Code § 114-404 as amended (Ga. L. 1955, pp. 210, 211) provides in cases of total incapacity for a yardstick fixing the weekly compensation payable, subject to the over-all limitation that "in no case shall the period covered by such compensation be greater than 400 weeks, nor shall the total amount of compensation exceed $10,000." Code § 114-413 provides that in case of compensable death under the provisions of the act the weekly compensation payable shall be 85% of compensation payable under Code § 114-404, subject to the over-all limitation: "for a period not exceeding 400 weeks from date of injury." Under Code § 114-404 as amended there is a limitation in time of the same duration as in Code § 114-413, but the former Code section contains a limitation as to total

amount which is not included in the latter. Accordingly, the director here correctly figured weekly compensation on the basis of 85% of the formula for weekly compensation set out in Code § 114-404 (60% of average weekly wages, when not less than $10 nor more than $30 per week) and allowed such compensation for a period of 400 weeks. That the total thus arrived at is $10,200 does not make the award illegal, there being no provision under Code § 114-413 limiting the over-all liability of the employer.

The judge of the Superior Court of Fulton County did not err in affirming the award of the single director.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 21, 1956.

*Frank M. Swift, Woodruff, Swift & Stephens,* for plaintiff in error.

*Ruby S. Poole,* contra.