36183.  DELTA C. & S. AIRLINES *et al. v.* PERRY *et al.*

DECIDED JUNE 26, 1956.

*Hurt, Gaines & Baird,* for plaintiff in error.

*Richard D. Carr, Smith, Field, Doremus & Ringel,* contra.

QUILLIAN, J. The issues of this case are whether the employee sustained an injury arising out of and in the course of his employment, and whether his death resulted from an accident. It is elementary that if there is any competent evidence in the record to support the award of the State Workmen's Compensation Board, the award should not be disturbed.

The defendant and its insurance carrier insist that there was not sufficient evidence that the death was the result of coronary occlusion. Both doctors testified that in their opinion the coronary occlusion was the cause of the employee's death and that he had undergone sufficient exertion to cause the attack. "Mathematical certainty is rarely to be arrived at in such cases as this." *Bussey* v. *Globe Indemnity Co.,* 81 *Ga. App.* 401, 405 (59 S. E. 2d 34). The principle that, where a witness on cross-examination repudiates his testimony given on direct examination the facts orginally testified to by him, being thus withdrawn, are not to be regarded as evidence, has no application to the testimony of Dr. Green and Dr. McArthur. Neither of them withdrew his opinion as to the cause of the death of claimant's husband.

The defendant and its insurance carrier further contend that the evidence did not show that the deceased complained of a pain in his chest, and that a witness testified that the deceased complained of a pain in his stomach and not in his chest. Dr. Green testified that pain in the epigastrium can be interpreted as pain from the posterior region of the heart. There was sufficient evidence from which the director was authorized to find that the cause of death was coronary occlusion. *Travelers Insurance Co.* v. *Young,* 77 *Ga. App.* 512 (48 S. E. 2d 748). The defendant and its insurance carrier attach significance to the fact that the deceased did no work after lunch and that he died after the lunch hour. The deceased complained of pain in the morning while he was working, and it is of no consequence whether he worked in the early afternoon or not.

In the case at bar the evidence disclosed that the deceased, while performing the normal duties of his employment, first complained of pain in his stomach or chest. The evidence was sufficient to support the director's findings that the deceased had an accident arising out of and in the course of his employment. It is immaterial that the physical exertion engaged in by an employee is not unusual or excessive. *Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277 (9 S. E. 2d 84); *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649 (21 S. E. 2d 478); *Bussey* v. *Globe Indemnity Co.,* 81 *Ga. App.* 401 (59 S. E. 2d 34).

The trial judge did not err in sustaining the award of the deputy director.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*