37920.   E. Z. SHOP CURB SERVICE SHOP *v.*
PEARCE *et al.*

DECIDED NOVEMBER 10, 1959—REHEARING DENIED
DECEMBER 1, 1959.

*Nall, Miller, Cadenhead & Dennis, Donald M. Fain,* for plaintiff in error.

*Harry E. Monroe,* contra.

CARLISLE, Judge. Mrs. Susie P. Pearce filed a claim for workmen's compensation on account of the death of her husband resulting from congestive heart failure due to cardio-vascular disease while he was on the job. The deputy director and the State Board awarded compensation. The superior court affirmed that award and the exception here is to that judgment.

Counsel for the defendant in error has made a motion to dismiss the writ of error because the bill of exceptions was untimely presented for certification and erroneously tendered to an improper official unauthorized to accept tender thereof. The writ of error shows that the bill of exceptions was tendered within 30 days from the date of the judgment complained of to the Clerk of the Superior Court of Fulton County, Georgia, the date of the

tender being July 13, 1959. It is in regular form except that the judge certifies that he was out of the State from July 3, 1959, until Sunday, July 19, 1959, and that the bill of exceptions was presented to him on July 20, 1959, by the clerk of the court. It is the contention of the defendant in error in this regard that under the provisions of Code §§ 6-902 and 6-906, as amended, the bill of exceptions should have been tendered to another judge of the Superior Court of Fulton County, since it is not apparent from the record or from the writ of error that all of the judges of that circuit were out of the circuit at the time the bill of exceptions was tendered.

This contention is without merit. A careful reading of the two Code sections will reveal that they do not deal with the same subject matter or situations. Code § 6-902, as amended, clearly relates to those situations where the trial judge is temporarily absent from the circuit but is expected to return. It clearly provides in that situation for the tender of the bill of exceptions to the clerk of the court without respect to whether or not another judge of the circuit is within the circuit and capable of acknowledging tender. Code § 6-906, as amended, on the other hand, clearly relates to those situations where the judge who presided in the trial of the cause has for any reason ceased to hold office or is otherwise permanently incapable of acting. In that situation it is proper, of course, that tender should be made to one of the other judges of the circuit, if any, and if there is no other judge, then to any judge of the superior court in any other circuit. Accordingly, the bill of exceptions was properly tendered to the Clerk of the Superior Court of Fulton County, and it shows that it was by him timely presented to the trial judge upon his return to the circuit and certified by him within 10 days after such presentation. It follows that the motion to dismiss the writ of error must be denied.

■ One of the contentions made by the insurance company on appeal to the superior court was that the award of the full board was not legal in that the board erred in failing to consider the testimony of Dr. Guy Adams in entering its award, but on the contrary had adopted the findings of fact made by the deputy director when Dr. Adams' testimony was not before the

deputy director. It appears from the record in this case that, when the case was appealed to the full board, the board granted leave to the insurance company to put in additional evidence and that pursuant to that order, Dr. Adams' testimony was taken by deposition which was filed with the board. Thereafter the board, without alluding to Dr. Adams' testimony, entered the following award: "This case came on for hearing before the full board on March 23, 1959, on appeal by the employer from an award of Deputy Director D. C. Chalker dated February 20, 1959. After hearing argument and after careful consideration of the entire record the full board adopts the findings of fact as found by the deputy director and hereby makes them its findings of fact, there being ample evidence in the record to support them, and the full board is of the opinion that the award of Deputy Director D. C. Chalker dated February 20, 1959, should be affirmed. Wherefore, it is the award of the full board that the award of Deputy Director D. C. Chalker dated February 20, 1959, be, and the same is hereby affirmed." The deposition of Dr. Adams was taken on March 26, 1959, and the certificate of the commissioner was dated April 16, 1959. No entry of filing is shown on the deposition, but inasmuch as it was transmitted as a part of the record to the superior court and appears in the record immediately preceding the award of the full board, the presumption is that it was a part of the record at the time the full board entered its award. The award was entered on April 21, 1959, and recites that it is made after a careful consideration of the entire record. It affirmatively adopts the findings of fact made by the deputy director. It does not affirmatively appear from these facts that the full board failed to consider the deposition of Dr. Adams. The fact that in its award it did not refer specifically to that deposition will not vitiate the award, since it will be presumed that the board merely did not consider his testimony of sufficient weight to justify a finding of new or additional facts. The mere fact that the board, instead of making independent findings of fact, adopted the findings of fact of the deputy director, will not invalidate the award. *American Casualty Co.* v *Wilson,* 99 *Ga. App.* 219, 220 (1) (108 S. E. 2d 137).

It follows that the judge of the superior court did not err in

refusing to reverse and set aside the award of the full board on this account.

■ The sole question for the determination of this court is whether there was any evidence to authorize the award. The evidence showed that the deceased, a man 44 years old, who worked as manager of a small drive-in grocery and curb market, some months prior to his death had complained of pain in his chest and shortness of breath, and upon examination by his doctor had been sent to a heart specialist. The heart specialist made an electrocardiogram and ascertained that his heart was normal but found that he had a rapid pulse. A drug was prescribed to reduce the rate of heart beat. Subsequently, the deceased continued to have the pain and shortness of breath and, on taking exercise, sometimes, a choking sensation with the pain radiating down his left arm. These symptoms were described by one of the medical witnesses as being common to angina. The last time his doctor saw him prior to his death was in April, 1958. On September 1, 1958, which was Labor Day, he worked from around 1:00 in the afternoon until 10:30 at night. The store was the busiest it had ever been in his experience and he worked exceedingly hard waiting on cars, carrying out heavy blocks and bags of ice and cases of soft drinks and beer and performing the other duties incidental to running the store. On several occasions during the day he had to go to the rear of the store and lie down on account of the chest pain and shortness of breath. At the end of the day he was "too tired to go to bed," but apparently did finally go to bed but was awakened fairly early the next morning by a call to come to the store to assist in opening the safe, which was sometimes difficult to open. He went to the store with his wife who assisted in opening the safe. He took two dollars bills and walked some 150, or more, feet next door to a filling station to get change, and while talking to the manager there, dropped dead. The medical testimony on behalf of the claimant was given by a doctor who had examined him for his heart condition during his lifetime. He testified that the work that the deceased was doing as described by the evidence would have been in excess of the work which he would have advised him to do in his then condition; that any exercise

by one with a rapid heart beat would put a strain on the heart, and that if he had not had sufficient time to have rested properly overnight, the effect of the previous day's exertion would still be felt by him considering the heart condition that he had.

Applying the test laid down by this court in *Hoffman* v. *National Surety Corporation,* 91 *Ga. App.* 414, 417 (85 S. E. 2d 784) as quoted and discussed in *Callaway Mills Co.* v. *Hurley,* ante, the award of compensation was authorized. See *United States Casualty Co.* v. *Richardson,* 75 *Ga. App.* 496 (43 S. E. 2d 793; *Bussey* v. *Globe Indemnity Co.,* 81 *Ga. App.* 401 (59 S. E. 2d 34); *Globe Indemnity Co.* v. *Brooks,* 84 *Ga. App.* 687 (67 S. E. 2d 176); *Atlanta Transit Co.* v. *Knight,* 92 *Ga. App.* 469 (88 S. E. 2d 738); and *Refrigerated Transport Co.* v. *Shirley,* 93 *Ga. App.* 334 (92 S. E. 2d 26). It follows that the judge of the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*