39445.   TRAVELERS INSURANCE COMPANY *et al.*
v. BOYER.

DECIDED APRIL 11, 1962—REHEARING DENIED APRIL 27, 1962.

Greene, Neely, Buckley & DeRieux, James H. Moore, Edgar A. Neely, Jr., for plaintiffs in error.

G. Seals Aiken, Ben F. Sweet, contra.

EBERHARDT, Judge. The only question before us is whether there is *any* competent evidence in the record to support the findings and order of the board. The medical evidence on the second hearing was substantially identical with that which the board had before it at the first hearing on the question of a change in condition. At each of the hearings a doctor for the employer testified that from examinations made by him of the employee he was of the opinion that there had been a full recovery and that no disability existed, and two medical witnesses for the employee testified that in their opinion he was still totally disabled. As will appear from the opinion in the case when it was first here (*Travelers Ins. Co. v. Boyer*, 102 Ga. App. 248, supra), the medical testimony of the witnesses for the employer was held to be no competent evidence of a *change* in condition because it appeared that after they had seen and examined the employee and thus formed their opinion as to his condition an agreement was entered into between the employer and the employee that he was totally disabled. The same situation obtains as to the medical testimony offered by the employer on the second hearing, and though the decision on the first appeal be the law of the case[1] as to that testimony and its effect, the question remains as to whether there was any evidence to support the finding and award.

In addition to the medical testimony, the employer produced two investigators who, over a period of months, had observed the employee and who testified that they had seen him working on several jobs in a manner that indicated that he was in normal,

---

[1] The court was composed of seven judges when this decision was rendered, three of whom dissented.

good physical condition and that he was doing manual labor on a construction job, or was loading and unloading scrap iron, without any apparent handicap or disability. Seven reels of motion pictures of the employee's activities were made by the investigators and these were shown for the director. The employee admitted that he was the person whose activities were shown in the pictures. There was also introduced the testimony of a contractor for whom the employee had worked over a period of approximately six months at a wage of from $25 to $30 per week, and of a produce dealer who testified that the employee had worked for him for several weeks in the loading and unloading of produce—watermelons, sacks of potatoes, baskets of peaches and the like, weighing up to 75 pounds or more—and that he had done so without any apparent difficulty and without any complaint of suffering from any discomfort, for which he had paid the employee some $15 to $20 per week. Also introduced was the testimony of the personnel manager of a paper company, to whom the employee had made application in writing for a job, that Boyer had been employed at a starting wage of $71.60 per week to do manual labor, that he had worked on the job satisfactorily and without any apparent disability or discomfort. (In the written application which was also introduced in evidence, the employee had stated that he had suffered no accidental injuries and lost no time therefrom during the past five years and that he was, at the time, in good physical condition.) When the personnel manager learned of this pending compensation claim, however, he discharged the employee, not because of any failure or inability on his part to work, but because of the false statement in the application for a job.

We think that this evidence of the investigators, of employers, and the employee's admission against interest in his job application does constitute competent evidence of a change of condition which, while not demanding the finding, authorized it. Accordingly, the superior court erred in reversing the findings and order of the board. *Bussey v. Globe Indem. Co.*, 81 Ga. App. 401 (59 SE2d 34).

*Judgment reversed. Carlisle, P. J., and Russell, J., concur.*

ON MOTION FOR REHEARING.

Defendant in error urges that a provision in the order of the Director of the Workmen's Compensation Board, approved by the full board, that "Said employer and/or insurer are further authorized to take credit for all payments made under Code Section 114-404 in accordance with the previous awards of this board" is erroneous and requires a different result. We interpret this provision to have been made pursuant to the provision of *Code* § 114-405 that "in case the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial incapacity." Allowance of credit by way of deduction from the maximum period allowable under § 114-405 is proper. *Hardware Mutual Cas. Co. v. Wilson,* 72 Ga. App. 574 (34 SE2d 634). Any other interpretation of the provision in the order would make it erroneous.

*Motion denied.*