25290. London Guarantee and Accident Company Limited *et al.* v. Ritchey.

Jenkins, P. J. 1. Where an employee receives an injury only to a specific member, as specified in section 32 of the workmen's compensation act (Code, § 114-406), and there is no "superadded injury or disease affecting other portions of his body, as a result of which he [has] become totally disabled," his compensation is determined by that section, and he is not entitled to receive the compensation for total incapacity to work up to 350 weeks, allowed by section 30 (Code, § 114-404) for other injuries, in addition to the specific compensation for total or partial loss of use of the member and ten-weeks maximum for total disability as provided by section 32. But where, as in the instant case, an employee receives an injury by burns, not only to three fingers, as expressly described in section 32, but also to the "back of both hands and both wrists," and a surgical wound in his abdomen is necessitated to obtain grafts to replace the burned skin, for all of which he receives hospital treatment and by which he is wholly incapacitated for work, the injury not being restricted to the specific members included in section 32, the total-disability compensation is controlled by the provisions of sec-

tion 30, with 350-weeks maximum, as in the case of other injuries. *Travelers Ins. Co.* v. *Reid,* 178 *Ga.* 399 (173 S. E. 376), 49 *Ga. App.* 317 (175 S. E. 414); *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721); *Maryland Casualty Co.* v. *Smith,* 44 *Ga. App.* 840 (163 S. E. 247).

2. Under section 45 of the workmen's compensation act, where a second award is made, ending, diminishing, or increasing the compensation allowed by a previous award, the employee can not be required to account for or be charged with moneys actually paid under the first award. Code, § 114-709; *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566, 570 (161 S. E. 131); *General Accident Assurance Cor.* v. *Beatty,* 174 *Ga.* 314 (162 S. E. 668); *South* v. *Indemnity Ins. Co.,* 39 *Ga. App.* 47 (146 S. E. 45); *Fidelity & Casualty Co.* v. *Leckie,* 52 *Ga. App.* 591 (183 S. E. 642). The decision in *Helms* v. *Continental Casualty Co.,* 50 *Ga. App.* 267 (177 S. E. 915), relied on by the employer and insurance carrier, followed this rule as fixed by the statute and decisions, and held nothing to the contrary.

3. Under the preceding holdings, there is no merit in the contentions of the employer and the insurance carrier that compensation for total disability was limited to ten weeks, and that the award of the Department of Industrial Relations was error because it failed to allow a credit, on the present allowance for partial "industrial handicap" and loss of use of three fingers or on the allowance for at least one finger, either of moneys or weeks for 45-2/3 weeks at $6 a week for total disability, which was allowed and actually paid under a previous award. The original agreement as approved by the department, under which compensation was paid, shows that the injury consisted of "burns on back of both hands and both wrists." Skin-grafts also were taken by making a wound in the abdomen, and hospital treatment was required. The total incapacity for work did not arise solely from the three fingers, for which the final specific allowances were made under section 32. Total-disability compensation of one half of the weekly wage, as allowed by section 30, was paid under the first award, without any appeal or objection, for 55-2/3 weeks. After a refusal of further payments, the hearing, set down on application of the employee, was "to determine the status and percentage of disability and amount of compensation due *in addition to that paid,* if any." The specific allowances then awarded for the partial loss of use of the first finger, second finger, and third finger, as separately provided for by subparagraphs (b), (c), and (d) of section 32, did not include any amount for past total disability, but were expressly awarded "in addition to the 55-2/3 weeks already paid." Accordingly, the previous compensation was not restricted to the ten-weeks limit of section 32, but, as in cases of other injuries additional to those arising from the specific members covered by section 32, the award.and payments made were proper under section 30. For this reason, and in the absence of any appeal from or attack upon the first award, which was entered under the signed agreement of the employer and the insurance carrier, and under which the total-disability compensation was actually paid without objection, they were not entitled to credit, on the present specific allowances for future partial industrial handicap, of any part

630

of the previous payments. The award being fully authorized by the evidence, the superior court did not err in affirming it.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 7, 1936.

*Smith, Smith & Bloodworth, W. H. Smith, W. Carroll Latimer,* for plaintiffs in error.

*E. E. Carter, Talley Kirkland,* contra.