34028. NATIONAL SURETY CORPORATION *et al.*
*v.* MARTIN.

DECIDED APRIL 17, 1952—REHEARING DENIED MAY 6, 1952.

*Marshall, Greene, Baird & Neely, Burt DeRieux,* for plaintiffs in error.

*George D. Stewart,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The sole issue here is whether there is any evidence authorizing the Board of Workmen's Compensation to compute the award under Code § 114-404 providing compensation for total incapacity to work rather than under Code § 114-406(o) providing, under scheduled specific injuries, for the loss of use of a leg. The weekly payments would be the same in either event; however, the maximum recovery under Code § 114-404 would be for a period of 350 weeks, whereas the maximum recovery under Code § 114-406(o) would be for a period of ten weeks for total disability plus compensation for 175 weeks for loss of the use of a leg. It is held in *Globe Indemnity Co.* v. *Brooks,* 84 *Ga. App.* 687 (67 S. E. 2d, 176) that disability resulting from loss of use of a specific member must be computed under the latter schedule where there is no superadded injury or disease affecting other portions of the body. In that case there were, in addition to the injury to the leg, chest contusions and heart complications resulting secondarily from the trauma, and the award was held properly made under the total disability provisions of the Workmen's Compensation Act. In *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664 (119 S. E. 721), it was held that the plain and unambiguous wording of Code § 114-406 excluded any other compensation for disability where the injury resulted and compensation was paid for the loss of a member, the court further stating, "We are dealing with an incapacity resulting solely from the permanent partial loss of the use of two fingers, and not with a case of such incapacity and *a superadded incapacity due*

*to some cause produced by the loss of the use of these fingers."* (Emphasis added.) In *Travelers Insurance Co. v. Reid,* 178 *Ga.* 399 (173 S. E. 376), the injury being solely to the leg, the Supreme Court reversed the Court of Appeals and held that compensation should be paid under the schedule of loss to specific members, stating therein, "A different case would be presented if the evidence had shown that in consequence of such injury the employee had suffered a superadded injury or disease affecting other portions of his body, as a result of which he had become totally disabled." In the present case there was evidence from which the board was authorized to find that the injury to the leg had the effect of producing a superadded incapacity of the hip, as a result of which the claimant was totally disabled. There is ample authority for such a conclusion in *Globe Indemnity Co. v. Brooks,* supra; *London Guarantee & Accident Co. v. Ritchey,* 53 *Ga. App.* 628 (186 S. E. 863) ; *Ocean Accident & Guarantee Corp. v. Harden,* 44 *Ga. App.* 223 (160 S. E. 699). In the case of *Maryland Casualty Co. v. Smith,* 44 *Ga. App.* 840 (163 S. E. 247) cited by the plaintiffs in error, there was no contention that any superadded injury to any other part of the body was involved.

The judge of the superior court did not err in affirming the award of the full Board of Workmen's Compensation granting compensation.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*