37458. ARMOUR & COMPANY *v.* WALKER.

DECIDED JANUARY 20, 1959—REHEARING DENIED FEBRUARY 5, 1959.

*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for plaintiff in error.

*Irwin, Williams, Smith & Keen, R. Beverly Irwin,* contra.

NICHOLS, Judge. No contention is made by the employer that the award of the full board, holding that at the time of the hearing the claimant was entitled to compensation for an injury aris-

ing out of and in the course of his employment, was without evidence to support it.

■ The employer contends that the amount of the award made by the board was erroneous inasmuch as the claimant had merely suffered injuries to his *legs* and the award was based on a permanent total incapacity.

It is well settled that, where an employee suffers an injury which results in a partial or total disability (industrial handicap) to one member of his body only, he is entitled only to compensation for an industrial handicap as provided by Code (Ann.) § 114-406 (*Godbee* v. *American Mut. &c. Ins. Co.*, 95 *Ga. App.* 86, 96 S. E. 2d 648), but it is equally as well settled that, where an employee suffers an injury to a specific member which causes a superadded incapacity due to some cause produced by such injury to the specific member resulting in an incapacity to labor, compensation is not so limited. *National Surety Corp.* v. *Martin*, 86 *Ga. App.* 77 (71 S. E. 2d 666), and citations.

In the present case there was evidence that the claimant had suffered injuries to *both legs*, that such injuries caused a 60% loss of use to *each* leg and that such loss of use resulted in a total incapacity to labor.

Subsection (s) of Code (Ann.) § 114-406 provides in part: "Total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye. The compensation for partial loss of, or for partial loss of use of, a member . . . shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss. Loss of both arms, hands, legs, or feet, or any two of these members, or the permanent total loss of vision in both eyes, shall be deemed permanent total incapacity and shall be compensated under section 114-404."

From the above it is clear that the total loss of use of both legs by the claimant would have resulted in *compensation as for a total incapacity*. In the present case, however, the claimant suffered only a 60% loss of use to each of his legs. It would, therefore, appear at first glance that he would not be entitled to compensation for "incapacity" to labor but would be restricted to compensation for an "industrial handicap," but a closer study

■

of the question drives the court to the inescapable conclusion that the partial loss of use of the second leg resulted in what has been referred to as a superadded injury which had the effect of completely incapacitating the claimant. Accordingly, the award of compensation for "incapacity" rather than for an "industrial handicap" was not error.

■ The contention that the claimant should not be allowed compensation for "medical" because he went to his own physician while the employer was furnishing "medical" is without merit in view of the fact that the claimant had been dismissed by the physician furnished him and advised that he should pay for his own "medical" in the future at the time he was treated by the physicians of his own choice for which services "medical" was awarded. "In *United States Fidelity &c. Co.* v. *Brown*, 68 *Ga. App.* 706, 711 (23 S. E. 2d 443), it was said: 'There was no obligation on the employee to obtain the permission of his employer to select the doctor to give him treatment, for he was at liberty to select any competent or reputable physician that he desired.' " *Armour & Co.* v. *Cox*, 96 *Ga. App.* 829, 832 (101 S. E. 2d 733).

Had the employer been furnishing "medical" to the claimant at the time he consulted his own physicians a different situation would have been presented for decision. See *Hartford Accident &c. Co.* v. *Sutton*, 75 *Ga. App.* 24 (41 S. E. 2d 915).

No reversible error is shown by the award of the full board, and the Superior Court of Tift County did not err in affirming such award.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*