39027. OWENSBY v. RIEGEL TEXTILE CORPORATION.

D<small>ECIDED</small> O<small>CTOBER</small> 24, 1961—R<small>EHEARING</small> <small>DENIED</small>
N<small>OVEMBER</small> 17, 1961.

*Wade Leonard,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

BELL, Judge. ■ The claimant's first objections relate to the findings of fact that the defendant had made available to the claimant light work suitable to his impaired condition; that the claimant had knowledge that this work was available to him; that the light work suitable to his impaired condition was available to him as of September 15, 1960; and that the claimant's disability ended on that date. He contends that these findings were mere conjecture; that the phrase, "available light work suitable to claimant's impaired condition," has no definite meaning; that there is no evidence in the record showing that defendant made available or offered any kind of work the claimant could do; that the director was mistaken about the date any work was offered or made available; and that the record is without any evidence to support such a claim.

The medical evidence in the record shows that Dr. [C.], on August 30, 1960, wrote, "This patient is making a satisfactory postoperative recovery. It is anticipated that he will be able to return to work which does not require heavy lifting by September 15, 1960. It is my opinion that he will have 15% permanent partial disability." Another attending physician, who was a partner of Dr. [C.], testified he would agree with that opinion. The claimant testified, at the hearing, that he was in better condition than he was from November 13, 1959, until March 26, 1960, during which time he had been doing lighter work. He further testified: "Q. As far as you know that job is still yours? A. As far as I know it is. Q. And you have not tried doing it? A. No." His overseer testified that the claimant has not come back and asked to be put back on, but that, "Q. Do you hereby offer him the job? A. That's right." (This offer was the date of the hearing, September 21, 1960.) The job was identified as paying the same as his former one. The assistant personnel manager of the defendant testified that he had talked to the claimant on several occasions before and following the operation, and that he asked him how he was getting along and how soon he thought he could come back to work.

Here the board has found as a fact that the "defendants had

made available to the claimant light work suitable to his impaired condition and further that the claimant had knowledge that this work was available to him but made no attempt to return to work." We cannot say as a matter of law that there was not any evidence to support the finding. It is therefore conclusive upon this court. *Code* § 114-710.

Under *Code* § 114-407, the refusal by an employee of employment procured for him suitable to his capacity bars him from compensation during the continuance of the refusal unless in the opinion of the board the refusal was justified. Other testimony in the record identified the job which was made available as being light work, since the ". . . heaviest thing he had to pick up was a broom or pull a chain to doff the beams . . ." and that the weight he had to lift would be not over three or four pounds.

■ The other contention of the claimant is that the Workmen's Compensation Act makes no provision which relieves the employer from medical and hospital expense by imposing a penalty upon the employee for his failure to obtain the employer's consent before selecting his own private physician.

The finding of the board here was that the defendant was furnishing the claimant with adequate medical attention, and that he sought private medical services without requesting of his employer or the board a change of treatment or physicians. For these reasons the board in its award held the employee to be barred from recovering medical expenses for certain named doctors so selected by him and from receiving hospital expenses in connection with their treatment.

*Code Ann.* § 114-501 provides that medical, surgical, hospital, and other treatment in designated amounts shall be provided by the employer, and further that the board may at any time upon the request of an employee order a change of physician or treatment and designate other treatment or another physician as suggested by the employee subject to the approval of the board. The last paragraph of this section allows the employee in an emergency on account of the employer's failure to provide medical or other care to be paid reasonable amounts by the employer when a physician is called in to treat the injured employee, if so ordered

by the State Board of Workmen's Compensation. As we read this statute, the duty is placed upon the employer to provide the treatment, and the employee may obtain the physician only in the circumstances set out in the statute and only if the State board orders the employer to make payment.

The claimant cites *U. S. Fidelity &c. Co. v. Brown,* 68 Ga. App. 706, 711 (23 SE2d 443), as authority for his contention that the employee has the right to select the doctor to give him treatment. While the *Brown* case has some language which, when taken out of context, seems to support the claimant's position, the holding there was simply upon the issue as to whether the superior court erred in reversing the finding of the board that whatever disability the claimant had to his left eye did not arise out of and in the course of his employment. In affirming the superior court's reversal of the board's findings, the court there stated that the claimant's choosing a physician of his choice to give him treatment was not *an impeaching circumstance* upon the issue of whether the injury arose out of and in the course of his employment.

In *Armour & Co. v. Walker,* 99 Ga. App. 64 (107 SE2d 691), the contention that the claimant should not be allowed compensation for medical expenses because he went to his own physician while the employer was furnishing the medical treatment was held to be without merit in view of the fact that the claimant had been dismissed by the physician furnished him. There this court said that, had the employer been furnishing medical treatment to the claimant a different situation would have been presented, citing *Hartford Accident &c. Co v. Sutton,* 75 Ga. App. 24 (41 SE2d 915). In the *Sutton* case the director found that the claimant left the hospital where he was given preliminary treatment by the employer's physician and went to a hospital in another town where he was treated by his own physician, and held that the employer insurer would not be liable for the expenses of the private treatment. This award of the board was affirmed by this court.

Here the board found as a fact that the employer was furnishing the employee adequate medical attention. This finding was supported by some evidence, and the refusal of the board to

allow the medical expenses incurred by the claimant privately, without any emergency and without any order of the board, was not error.

Judgment affirmed. *Felton, C. J., and Hall, J., concur.*