40664. WORLEY BROTHERS GRANITE COMPANY, Inc. v. HALL.

PANNELL, Judge. Where, under the provisions of *Code Ann.* § 114-501 which require an employer to provide medical, surgical and other treatment for an employee suffering an

accidental injury arising out of and in the course of the employment, the employer furnishes the services of a physician who begins treatment of the employee, and the employee thereafter changes physicians and treatment without the consent of the employer or the Board of Workmen's Compensation, the employee is not entitled to an award including physician's fees, treatment and hospitalization costs incurred under the direction of the second physician. *Hartford Acc. &c. Co. v. Sutton,* 75 Ga.. App. 24 (41 SE2d 915); *Owensby v. Reigel Textile Corp.,* 104 Ga. App. 800 (123 SE2d 147). A different ruling is not required in the present case because the first physician was selected by the employee with the consent of the employer who followed a policy of permitting injured employees to select the physician of their choice. Such consent in the first instance is not a continuing consent so as to permit the employee to change physicians as he might see fit, but is merely a method by which the employer, in the first instance, furnishes to the employee the medical services required by law, and the selection of the physician by the employee is equivalent to the selection and the furnishing of the physician by the employer to the employee. . There being no emergency and no finding that the medical attention furnished was not adequate, that portion of the award which allowed to the claimant the physician's fees, treatment and hospitalization costs incurred under the direction of the second physician was erroneous. The judgment of the superior court affirming the award is, therefore,

*Reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED MAY 13, 1964.

*Best, Chambers & Mabry, Richard W. Best,* for plaintiff in error.

*Joseph B. McGinty,* contra.