## 41147. HACKEL v. FIDELITY & CASUALTY COMPANY OF NEW YORK et al.

DECIDED FEBRUARY 11, 1965.

*E. Louis Adams,* for plaintiff in error.

*Smith, Ringel, Martin, Ansley & Carr, Charles L. Drew,* contra.

NICHOLS, Presiding Judge. The deputy director hearing the case found that the prior agreements approved by the board were res judicata as to the claimant's condition as of the time of such agreements. Such holding was in accord with decisions of the Supreme Court and this court that: "By entering into the agreement and allowing it to receive the approval of the board, the parties thereby preclude themselves from thereafter contradicting or challenging the matters thus agreed upon. The only provision of law for further consideration of a case thus disposed of by an approved agreement is a review upon a change in condition, as provided in the Code, § 114-709. The inquiry authorized by law to be made on the review is strictly

limited to a change in condition. The condition as it existed at the time of the agreement is settled by that agreement, and cannot be redetermined upon the review." *Lumbermen's Mutual Cas. Co. v. Cook,* 195 Ga. 397, 399 (24 SE2d 309). See also *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 752 (113 SE2d 611), and cases there cited.

The evidence discloses that prior to the time the second agreement was entered into and approved by the board the claimant underwent additional surgery requiring the removal of a part of the pelvic bone for use as a bone graft to aid the repair of the broken leg and under decisions exemplified by *London Guarantee &c. Co. v. Ritchey,* 53 Ga. App. 628 (1) (186 SE 863), and *National Surety Corp. v. Martin,* 86 Ga. App. 77 (71 SE2d 666), could have, at that time, authorized an award under *Code Ann.* § 114-404 (incapacity to labor), rather than under *Code Ann.* § 114-406 (loss of a specific member), yet where the second agreement was entered into later and there was no evidence of any incapacity because of such surgery of the pelvic bone and no evidence of any change in the condition of the claimant's leg, except possibly that its condition had improved, the award adverse to the claimant must be affirmed. Accordingly, the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*