51662. FERRERA v. FIREMAN'S FUND INSURANCE COMPANY et al.

PANNELL, Presiding Judge.

This is an appeal from an affirmance by the superior court of an award denying compensation for partial disability to the claimant. The findings of fact and the award are as follows:

"a. On June 28, 1972, Justo Jack Ferrera, the claimant, was in the general employment of Industrial Coating Services, a subsidiary of Williams Brothers Construction Company, with Fireman's Fund Insurance Company as the workmen's compensation insurer, to sandblast trailers, when he sustained a fall of about five feet and injured his back. The claimant immediately notified his supervisor.

"b. At the time of the fall, the claimant was earning a full-time weekly wage of $160.00 (5-day week, 40 hours, $4.00 per hour) as disclosed by the payroll records and had worked since early May, 1972. This determination is under Code § 114-402 (3) in the absence of evidence of wages for 13 weeks to compute an average weekly wage under Code § 114-402 (2) or (3).

"c. By reason of the fall, the claimant was incapacitated to work on account of the injury and on sick leave for two weeks during the period between June 28, 1972 and August 20, 1972. In reaching this finding, the

Full Board notes that his attending physician, Dr. Harry L. Broom, released him to return to work as of August 16, 1972. The claimant's employment was terminated on or about August 20, 1972, because of his unwillingness to continue working on a straight hourly basis instead of the former method, whereby he received credit in hours for each trailer he sandblasted, regardless of time. This termination had no relation to his ability or inability to perform sandblasting work. As disclosed by the testimony of the claimant, his earnings and work since August 20, 1973, have been irregular, but the Board is of the opinion, considering the claimant's own testimony, that any loss of earnings subsequent to August 20, 1973, is due to the voluntary choice of work by the claimant, and not by reason of any disability resulting from the fall on June 28, 1972. In this respect, the Board notes that he has worked variously as a musician, laborer, and labor supervisor.

"d. The evidence is insufficient to determine the unpaid authorized medical expenses required to effect a cure or give relief."

The employer was directed to pay $50 per week for one week "representing time lost exclusive of the first seven days of incapacity between June 28, 1972 and August 20, 1972" and "the employer/insurer are further directed to pay all medical expenses which the parties shall agree are reasonable in amount and reasonably required to effect a cure or give relief." *Held:*

1. The appellant contends that the Board of Workmen's Compensation decided the case on an erroneous legal theory in that they figured the claimant's weekly wage at $160 when it was between $247 and $280, because of extra "hours" earned in an incentive program as additional to regular compensation, and then, comparing the amount arrived at as his weekly wage with his subsequent earnings, found no "economic" partial disability. While the weekly wage found may have been in error (see *Bituminous Cas. Corp. v. Sapp,* 196 Ga. 431, 433 (26 SE2d 724)), it appears the board found *any loss* of earnings was not due to physical disability as the finding was "that any loss of earnings subsequent to August 20, 1972 is due to the voluntary choice of work by the claimant, and not by reason of any disability resulting

from the fall on June 28, 1972." It does not appear, therefore, that this alleged error in the computation of the claimant's weekly wage constituted an erroneous legal theory applied to the determination of lack of partial disability. The evidence was amply sufficient to support the finding the claimant does not suffer a partial disability.

2. On March 15, 1973, claimant began visits to a chiropractor without any request to the employer or insurer, or to the board for authorization for the treatment. All medical bills except this one were paid by the insurer. The claimant testified the employer refused to provide medical treatment when he was told they would pay him only $20 compensation and nothing else. No specific finding of fact was made as to this medical bill and no payment of same was directed or authorized or specifically denied. The direction to the employer and the insurer to pay all medical expenses which the parties shall agree are reasonable in amount and reasonably required to effect a cure or give relief is tantamount to no ruling at all. See *Commonwealth Ins. Co. v. Arnold,* 114 Ga. App. 835, 837 (3) (152 SE2d 896). The judge of the superior court did not err in affirming the award as to the lack of partial disability of the claimant, but erred in failing to remand the case to the Board of Workmen's Compensation on the question of the claimant's medical expenses, which still remain unpaid. See in this connection *Armour & Co. v. Walker,* 99 Ga. App. 64 (107 SE2d 691); *American Mut. Liab. Ins. Co. v. Jordan,* 113 Ga. App. 842 (149 SE2d 870); *Worley Bros. Granite Co. v. Hall,* 109 Ga. App. 720, 721 (137 SE2d 312); *Owensby v. Riegel Textile Corp.,* 104 Ga. App. 800, 801 (2) (123 SE2d 147).

His judgment in this connection is reversed with direction that he remand to the Board of Workmen's Compensation for determination of this question.

*Judgment affirmed in part; reversed in part with direction. Marshall and McMurray, JJ., concur.*

ARGUED JANUARY 6, 1976 — DECIDED MAY 7, 1976 —
REHEARING DENIED MAY 27, 1976.

*George & George, William V. George, Lavinia B. George,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White,* for appellees.