## 53620. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al. v. STAMEY.

BELL, Chief Judge.

The claimant on September 9, 1976 while at work and after exertion experienced chest pains. It was shown that he suffered from heart disease and angina pectoris. The administrative law judge and the board found as a fact: "However, the angina pectoris is, a symptom of claimant's disease and neither the symptom nor the disease is proximately caused by the alleged accident of September 9, 1974. I conclude claimant has a medical problem caused by disease as opposed to injury by accident." An award of compensation was denied. On review, the superior court reversed the board, specifically holding that an erroneous theory of law was applied in that the standard of proximate cause was used instead of the "correct" principle as held in *Carter v. Kansas City Fire &c. Ins. Co.*, 138 Ga. App. 601 (226 SE2d 755), "i.e., whether claimant's heart condition was aggravated or caused by his job activities. . . 'that it was attributable to the usual work of employment' or 'the exertion at work could have aggravated or precipitated his condition'." The court further stated that there was a failure to rule on whether there was an aggravation of a pre-existing condition and whether the exertion was a contributive precipitating factor. *Held:*

The use of the term "proximate cause" under these circumstances was not erroneous for any reason urged. A workmen's compensation award, like a jury verdict, where possible should be given a construction which will uphold and validate it rather than a construction which will defeat and invalidate it. *Employers Ins. Co. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420). Applying that rule to the award here it can reasonably be said that it was found that the exertion while at work did not aggravate or contribute to claimant's medical condition. The term "proximate cause" here includes the same standards applied in *Carter v. Kansas City Fire &c. Ins. Co.,* supra. The evidence authorized the findings of fact and the award denying compensation. The superior court erred in reversing and remanding to the board.

*Judgment reversed. McMurray and Smith, JJ., concur.*

Argued March 1, 1977 — Decided April 14, 1977.

*Donald M. Fain, Michael S. Reeves,* for appellants.
*Roy E. Barnes,* for appellee.