## 55789. DIXIE-COLE TRANSFER TRUCKING COMPANY v. FUDGE.

BANKE, Judge.

This is an appeal by the employer-self insurer in a workmen's compensation case. Claimant's deceased husband was a truck driver employed by appellant. While driving his regular route between Atlanta and New Orleans, the employee was admitted to an Alabama hospital with what was diagnosed as a myocardial infarction. He died in that hospital the same day, and the death certificate showed the cause of death to be a myocardial infarction.

The doctor who treated the employee testified in his deposition that, in his opinion, based on his examination of the employee, on the tests performed on him when admitted, and the history and symptoms the patient related, the employee had suffered a myocardial infarction, or heart attack. The doctor further testified in response to a hypothetical question that the exertion attendant upon driving a tractor trailer truck would be a causative, contributing, and substantial factor in the employee's death. In addition a professional truck driver testified as to the mental and physical strain and exertion involved in driving the type truck driven by the employee.

The administrative law judge held that this evidence was insufficient to enable him to find that the employee suffered a myocardial infarction or that the stress and strain attendant on the performance of his duties contributed to his death, and he therefore denied claimant compensation. Upon de novo consideration, the State Board of Workmen's Compensation, based on the expert medical opinion, found that the cause of the employee's death was myocardial infarction, caused by and further aggravated by the duties of employment, and directed the appellant to compensate the plaintiff. The award provided for compensation at the rate of $95 per week during dependency for a period not to exceed 400 weeks.

On appeal, the superior court affirmed, holding that the award was supported by evidence. The court also held harmless the fact that the award, if fully paid, would exceed the maximum amount provided for by Code Ann. §

114-413 in that under no circumstance would appellant be required to pay an amount in excess of that allowed by law. *Held:*

1. There were sufficient findings of fact to support the board's award. The board properly adopted the administrative law judge's findings of fact except as would be inconsistent with the additional findings it made. *Gatrell v. Employers Mut. Liab. Ins. Co.*, 226 Ga. 688 (177 SE2d 77) (1970). This enabled the losing party intelligently to prepare his appeal and the cause thereupon to be intelligently reviewed.

2. Code Ann. § 114-102, as amended in Ga. L. 1963, pp. 141, 142, provides that "injury" and "personal injury" under the Workmen's Compensation Act shall not include ". . . heart attack . . . unless it is shown by a preponderance of competent and creditable evidence that it was attributable to .the performance of the usual work of employment . . ." Questions concerning credibility and preponderance address themselves to the trier of fact, whereas the appellate tribunal utilizes the "any evidence" test in workmen's compensation cases. *Guye v. Home Indem. Co.*, 241 Ga. 213 (244 SE2d 864) (1978). There is competent evidence in this case to support the award.

3. After reaching its conclusion, the board gratuitously noted that the application of the "found dying" presumption enunciated in *General Acc. Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260 (221 SE2d 51) (1975) would result in an identical determination. As the expert medical testimony provides sufficient competent evidence to support the award, we need not decide whether the latter theory was applicable to this case. A workmen's compensation award where possible should be given a construction which will uphold and validate it rather than one which would defeat and invalidate it. *Ga. Farm Bureau Mut. Ins. Co. v. Stamey,* 142 Ga. App. 10 (234 SE2d 823) (1977).

4. The superior court concluded that the failure of the award to specify the maximum amount payable was harmless. The award specified that the claimant was to be paid $95 per week for a period "not to exceed" 400 weeks. The court correctly determined that the obligation to pay

terminated as a matter of law upon events specified in the statute, namely, when the total compensation paid reached $32,500. Code Ann. § 114-413 (e). The court's order did not modify the award, and there was no error in the affirmance.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED MAY 1, 1978 — DECIDED SEPTEMBER 12, 1978— REHEARING DENIED SEPTEMBER 28, 1978.

*Michael S. Reeves, Donald M. Fain,* for appellant. *Barnes & Browning, Roy E. Barnes,* for appellee.