## 58997. NATIONWIDE MUTUAL INSURANCE COMPANY et al. v. GEORES.

SOGNIER, Judge.

In this workers' compensation proceeding the employer/insurer complains that "[t]he award of the Full Board fails to set forth findings of fact sufficient to support the ultimate finding of fact that 'employee's death arose out of and in the course of his employment,'" and that the award "materially relies upon a physician's expert opinion which is based upon an assumption of fact which is not in evidence." We find no substance to these two enumerations of error, and consequently we affirm.

1. While it is true that the board's award does not contain a verbatim recitation of the findings upon which it is made, it does state that "the Board makes findings 1 through 3 of the administrative law judge its findings of fact and so much of finding 4 and the conclusions of law as is not inconsistent with the following" findings, which the board then sets forth. This procedure is clearly permissible. "There were sufficient findings of fact to support the board's award. The board properly adopted the administrative law judge's findings of fact except as would be inconsistent with the additional findings it made. *Gatrell v. Employers Mutual Liab. Ins. Co.*, 226 Ga. 688 (177 SE2d 77) (1970). This enabled the losing party intelligently to prepare his appeal and the cause thereupon to be intelligently reviewed." *Dixie-Cole Transfer Trucking Co. v. Fudge*, 147 Ga. App. 306, 307 (1) (248 SE2d 694) (1978). Accord, *Federal Ins. Co. v. Horner*, 148 Ga. App. 15, 16 (2) (251 SE2d 26) (1978).

2. The employer/insurer, seeking to neutralize a physician's opinion that there was a causal connection between the deceased's work activities and his death, contend that there was no evidence of the matter propounded to the physician in the hypothetical — that deceased's blood pressure could fluctuate because of his labile hypertension. However, we find it clear from the record that this same physician was of the opinion that deceased did have labile hypertension, and this court is in no position to say that the opinion was incorrect.

*Judgment affirmed. McMurray, P J., and Banke, J., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED FEBRUARY 12, 1980 —
REHEARING DENIED MARCH 20, 1980.

*Warner R. Wilson, Jr.,* for appellants.

*Francis Houston,* for appellee.