244

*Assistant District Attorney,* for appellee.

59049. BOND v. EMPLOYERS INSURANCE COMPANY et al.

SOGNIER, Judge.

The claimant in this workers' compensation case appeals from the judgment of the superior court approving the findings of fact in the award of the State Board of Workers' Compensation, but holding "these findings to be in conflict with the conclusions of law contained in such award." The case was then remanded to the board "with direction that it reconsider the conclusions of law and issue an award in conformity with the law of Georgia." This court affirmed a previous remand for reconsideration of the evidence. *Employers Ins. Co. of Wausau v. Bond,* 145 Ga. App. 705 (244 SE2d 650) (1978).

The board found that the claimant suffered a recurrence of her disabling back condition on October 27, 1975 while making a bed at home which aggravated her prior job-related injury, and that she continued to have trouble with her back after she returned to work on July 1, 1975. The board then concluded as a matter of law that "[t]he claimant suffered a superadded injury to her back on October 27, 1975, and is entitled to compensation under Code § 114-404 from that date. *Atkinson v. Home Indemnity Co.,* 141 Ga. App. 687 [234 SE2d 359] (1977); *International Insurance Co. v. Whitfield,* 135 Ga. App. 216 [217 SE2d 192] (1975)."

A superadded injury or disease is one which occurs to a specific member of the body subsequent to a job-related injury and affects other portions of the body, resulting in the claimant's total disability and thus eligible for compensation under Code Ann. § 114-404 for total incapacity to work, rather than under Code Ann. § 114-406 relating to specific member injuries. *Travelers Ins. Co. v. Reid,* 178 Ga. 399 (1) (173 SE 376) (1934); *Nat. Surety Corp. v. Martin,* 86 Ga. App. 77 (71 SE2d 666) (1952). The evidence here did not support such a finding.

Appellant apparently concedes that her case did not involve a superadded injury, but contends that the conclusion of law, because of the authority cited, did not intend the words "superadded injury" to be words of art, and therefore, the award of the board should be affirmed under the "right for any reason" rule. We do not agree.

The two cases relied upon by the board involved job-related

injuries where the employees were able to return to work, and thereafter a *change in condition* occurred which the insurance carrier argued was the result of an intervening cause. However, in each case it was determined that the new injury was a proximate result of the on-the-job injury. The statutory test for determining a change in condition so as to entitle the claimant to additional compensation is contained in Code Ann. § 114-709. *Employers Ins. Co. of Wausau v. Carnes,* 148 Ga. App. 767, 768 (252 SE2d 654) (1979). By considering the evidence in the light of the erroneous legal theory of superadded injury, for which recovery is allowed under Code Ann. § 114-404, it is clear that the board did not base its award on the correct and applicable legal principles set forth in Code Ann. § 114-709. Therefore, the superior court properly remanded the case to the board for reconsideration in conformity with the law of this state. Compare *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 193 (3) (225 SE2d 778) (1976) with *Ga. Farm Bureau Mut. Ins. Co. v. Stamey,* 142 Ga. App. 10 (234 SE2d 823) (1977).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED APRIL 7, 1980.

*Scott Walters, Jr.,* for appellant.
*Glover McGhee,* for appellees.