65756. ITT CONTINENTAL BAKING COMPANY et al. v. COMES.

BANKE, Judge.

The employee/claimant in this workers' compensation case suffered a compensable injury on December 26, 1977, when the

middle, index, and ring fingers of her left hand were severed. After receiving the maximum disability benefits to which she was entitled under former Code Ann. § 114-406 (as amended through Ga. L. 1974, pp. 1143, 1145), she sought and obtained a change of condition hearing based on pain from the original injury. Following this hearing, the administrative law judge awarded renewed benefits for total disability, based on a finding that claimant had suffered a "superadded injury" due to "mild depression and a great amount of anxiety" resulting from her work-related injury. Although the ALJ further found that claimant's employer in Rome, Georgia, had offered her a light job within her physical capabilities, she ruled that "[s]ince claimant now lives in Virginia, this is not a reasonable offer of suitable employment."

The full board affirmed both these findings, and the employer/insurer appealed to superior court, which affirmed the finding that the claimant had suffered a superadded injury but remanded for additional evidence on the issue of "whether or not the claimant was justified in refusing the offer of employment and if she was not, whether or not her compensation should be reduced or terminated as provided by law." The employer/insurer then applied for and was granted permission to file an appeal to this court; and the claimant filed a cross-appeal, contending that the superior court erred in failing to sustain the board's ruling in her favor on the suitable employment issue. *Held:*

1. An employee sustains a compensable "superadded injury" where, in consequence of a specific member disability, he suffers a disabling injury, disorder, or disease to other portions of his body. See *Travelers Ins. Co. v. Reid,* 178 Ga. 399 (1) (173 SE 376) (1933); *Nat. Surety Corp. v. Martin,* 86 Ga. App. 77 (71 SE2d 666) (1952). In affirming the board's finding that the claimant suffered a superadded injury in this case, the superior court relied on these authorities and on *West Point Pepperell v. Baggett,* 139 Ga. App. 813 (229 SE2d 666) (1976), wherein this court affirmed a ruling that an employee had suffered a superadded injury as the result of a mental disorder (acute schizophrenia) caused by her original, work-related physical injury. In the case before us now, however, there is no evidence that the claimant experienced any further disorder, mental or physical, as the result of her injury. Rather, the evidence shows merely that her injury gave rise to "mild depression and a great deal of anxiety . . ." While these conditions may be debilitating, neither can reasonably be characterized as a mental or nervous disorder. They are instead entirely natural, albeit unfortunate, responses to any type of severe physical injury. We thus hold that the award of disability benefits for a superadded injury was not authorized under

the facts of this case.

2. In view of the foregoing, the appellant's second enumeration of error is rendered moot, as is the cross-appeal.

*Judgment reversed. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 2, 1983.

*H. Durance Lowendick, John P. Hines, C. Davis Bauman,* for appellants.

*E. Lamar Gammage, Jr.,* for appellee.