73170. SANDERS v. GEORGIA-PACIFIC CORPORATION.
(353 SE2d 849)

POPE, Judge.

This is the second appearance of this workers' compensation case in this court. In *Georgia-Pacific Corp. v. Sanders*, 171 Ga. App. 799 (1) (320 SE2d 850) (1984), we considered "whether the two-year statute of [limitation] contained in the predecessor to OCGA § 34-9-104

(former Code Ann. § 114-709)[1] commenced on the date on which employer filed the notice of final payment, or whether the statute did not commence on that date because of the continued payment of medical benefits by employer." Id. at 801. Holding that the two-year statute of limitation did not commence on the date of notice of final payment because employer continued to pay medical expenses and thus final payment had not been made at the time of notice, we remanded this case "for determination of income benefits, if any, due claimant as a result of his change in condition." Id. at 804.

On remand, the administrative law judge (ALJ) rejected claimant's contention that the skin graft surgery necessitated by the original injury to claimant's left leg[2] caused a "superadded injury" to claimant's right leg (which was used as the donor site for the surgery), entitling claimant to additional benefits under former Code Ann. § 114-404 (now OCGA § 34-9-261), and found that claimant had suffered only a specific member injury and was therefore limited to a maximum of 75 weeks of temporary total disability, computed from the date of injury. Since that period had expired, the ALJ denied claimant any benefits in addition to those already received. On appeal, the Board adopted the findings of fact and conclusions of law of the ALJ; the superior court affirmed. We granted claimant's discretionary appeal.

1. Claimant enumerates as error the denial of benefits under former Code Ann. § 114-404, contending that the Board and the superior court have engrafted upon the doctrine of superadded injury a disability caused by the superadded injury itself. Claimant also contends that those cases requiring permanent disability as a prerequisite to recovery under that code section should be overruled.[3]

We do not believe that the superadded injury requirement has been misconstrued in this case. In *London Guarantee & Accident Co. v. Ritchey*, 53 Ga. App. 628 (1) (186 SE 863) (1936), relied upon by claimant in the case sub judice, we stated that "[w]here an employee receives an injury only to a specific member, as specified in . . . ([former] Code § 114-406) [now OCGA § 34-9-263], and there is no 'superadded injury or disease affecting other portions of his body, as a re-

---

[1] As noted in the previous appearance of this case, the statute applicable to this claim is the one in existence as of March 19, 1974, the date of injury. *Hart v. Owens-Illinois*, 250 Ga. 397 (297 SE2d 462) (1982).

[2] For additional facts concerning claimant's injury see *Georgia-Pacific*, supra at 800.

[3] We agree with claimant that a permanent injury is not required in order for a superadded injury to be compensable under former Code Ann. § 114-404, but we do not read the award in the case sub judice, or the cases we have reviewed, as imposing such a requirement. See *Noles v. Aragon Mills*, 116 Ga. App. 560 (158 SE2d 261) (1967), in which the court specifically recognized that a "total incapacity" need not be present. But see *National Surety Corp. v. Martin*, 86 Ga. App. 77 (71 SE2d 666) (1952), in which the phrase "total and permanent disability" appears in the headnote, but not in the court's opinion.

sult of which he (has) become totally disabled,' his compensation is determined by that section, and he is not entitled to receive the compensation for total incapacity . . . allowed by . . . ([former] Code § 114-404). . . . But where, as in the instant case, an employee receives an injury by burns, not only to three fingers, as expressly described in [former Code § 114-406], but also to the 'back of both hands and both wrists,' and a surgical wound in his abdomen is necessitated to obtain grafts to replace the burned skin, for all of which he receives hospital treatment and by which he is wholly incapacitated for work, the injury not being restricted to the specific members included in [former Code § 114-406], the total-disability compensation is controlled by the provisions of [former Code § 114-404] . . ." Id. at 628-29. See also *ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598 (1) (302 SE2d 137) (1983); *Bond v. Employers Ins. Co.*, 154 Ga. App. 244 (268 SE2d 354) (1980); *Armour & Co. v. Walker*, 99 Ga. App. 64 (1) (107 SE2d 691) (1959).

Claimant contends that the language in *London Guarantee* quoted above supports the proposition that the disability required in order to receive additional benefits under former Code Ann. § 114-404 for a superadded injury resulting from a specific member injury (for which benefits have already been received under former Code Ann. § 114-406) need not result solely from the specific member injury but rather may be a disability resulting from the *combination* of the superadded injury and the specific member injury. We fail to see how such a construction benefits the claimant in the case sub judice. We read the ALJ's award as holding that claimant has not suffered *any* disability to his right leg as a result of the skin grafting procedure; in other words, the ALJ found that claimant's disability was due solely to his original specific member injury. It is clear that claimant is not entitled to any additional benefits for disability resulting solely from that injury. Claimant has already been compensated for the original specific member injury; to allow him to receive additional compensation without requiring any additional disability would allow a double recovery for the same specific member injury, a result clearly not intended under the relevant statutory or case law. See, e.g., Ga. L. 1973, p. 232, §§ 3 and 5; Ga. L. 1974, p. 1143, §§ 3 and 5; *Noles v. Aragon Mills*, 116 Ga. App. 560, supra; *National Surety Corp. v. Martin*, 86 Ga. App. 77, supra.

2. Claimant also contends that the superior court erred in affirming the decision of the Board because there was no evidence to support the finding of no disability to claimant's right leg resulting from the skin graft procedure. " 'A cardinal principle followed by this court in [workers'] compensation cases is that neither this court nor a superior court has any authority to substitute itself as a fact finding body in lieu of the board of [workers'] compensation. (Cit.) Thus a

finding of fact by a director or administrative law judge of the State Board of [Workers'] Compensation, when supported by any evidence, is conclusive and binding upon the courts. . . ." *City of Buford v. Thomas*, 179 Ga. App. 769, 771 (347 SE2d 713) (1986).

The record in the case sub judice is uncontradicted that on August 27, 1981, following several unsuccessful skin grafting procedures, claimant underwent an operation known as a cross leg flap grafting procedure in which tissue is taken from the healthy leg by raising a flap and suturing it onto the defective area; pins are placed in both legs, and the pins are connected with metal bolts such that both legs are immobilized. Claimant remained completely immobilized in this manner from August 27, 1981 to September 17, 1981, when the cross leg flap procedure was divided. Since there is uncontradicted evidence of total disability to the right leg for this period, we find that the Board erred in finding no disability or incapacity to claimant's right leg and remand this case for a determination of benefits under former Code Ann. § 114-404. See *Noles*, supra; *London Guarantee*, supra. Compare *Travelers Ins. Co. v. Reid*, 178 Ga. 399 (173 SE 376) (1933), and *Hackel v. Fidelity &c. of New York*, 111 Ga. App. 190 (140 SE2d 923) (1965), relied on by appellee herein, in which the court denied recovery of additional benefits because there was no evidence of any incapacity resulting from the superadded injury.

*Judgment reversed and case remanded. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 12, 1987.

*John M. Williams, Benjamin H. Terry*, for appellant.
*Andrew J. Hamilton, Gwendolyn R. Tyre*, for appellee.