A91A1757. STANDRIDGE v. CANDLEWICK YARNS et al.
(415 SE2d 10)

SOGNIER, Chief Judge.

We granted Larry Standridge's application for discretionary appeal from the judgment of the Superior Court of Catoosa County affirming the State Board of Workers' Compensation's award in favor of Standridge's employer, Candlewick Yarns.

Appellant sustained a work-related injury to his lower back on April 2, 1990. He reported pain in his lower back to his employer. The health professional who examined appellant on April 5 testified that claimant made no complaint about experiencing pain in his abdomen, groin, or testicles; documentary evidence established that the health professional's examination revealed no sign of an abdominal hernia. The health professional "prescribed" exercises "for training in correct body mechanics" and instructed appellant in the exercises. Appellant testified that on April 9, when he saw an orthopedist on his employer's panel of physicians, he was told to perform the exercises. That evening, while performing the exercises, appellant experienced a sharp onset of groin pain, which exploratory surgery later confirmed resulted from an inguinal hernia.

The administrative law judge awarded appellant compensation for the hernia condition on the basis that the hernia was the direct result of the exercise program appellant undertook as part of his treatment for the work-related back injury. The ALJ cited both OCGA § 34-9-203 and *Sanders v. Georgia-Pacific Corp.*, 181 Ga. App. 757 (353 SE2d 849) (1987), a "superadded injury" case. The Board reversed the ALJ, finding that the hernia did not arise out of and in the course of appellant's employment; that the hernia occurred because of the exercises appellant was performing; and that there was no evidence that appellant's participation in the exercise program was not entirely voluntary. Our review of the record reveals some evidence therein to support these findings. The Board also found that the hernia injury did not meet the requirements of OCGA § 34-9-266 because it neither resulted from nor immediately followed the accident. See generally *Liberty Mut. Ins. Co. v. Blackshear*, 197 Ga. 334, 337-339 (3) (28 SE2d 860) (1944). The superior court affirmed the Board.

Appellant contends that his employer is responsible for his medical bills arising from the hernia condition because under OCGA § 34-9-203 the consequences of a panel physician's *treatment* are deemed part of the injury resulting from the accident and thus compensable. However, OCGA § 34-9-203 actually provides that it is the consequences of the panel physician's *malpractice* which are deemed part of the injury resulting from the accident. "[T]he employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to this chapter, but the *consequences of any malpractice shall be deemed part of the injury resulting from the accident* and shall be compensated for as such." (Emphasis supplied.) Id. Appellant does not contend, nor does the evidence present the slightest inference, that the medical treatment appellant received amounted to malpractice of any kind. Accordingly, we find no merit in appellant's argument that OCGA § 34-9-203 is applicable here.

This is not to say that the consequences of a panel physician's treatment of a work-related injury are never compensable. Case law has long recognized that an employee sustains a compensable "superadded injury" where, in consequence of a specific member work-related disability, the employee suffers a disabling injury to another portion of the body. *ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598, 599 (1) (302 SE2d 137) (1983); see *Georgia Cas. Co. v. Jones*, 156 Ga. 664, 667 (119 SE 721) (1923) (if a work-related injury is "accompanied or followed by partial permanent or total disability due to some other cause, such as infection or paralysis, and not to the mere loss of such member, whereby a superadded injury followed, the employee would be entitled to additional compensation"). Although the "superadded injury" principle is usually applied without reference to its statutory basis in the Workers' Compensation Act, OCGA § 34-

9-1 et seq., this court has noted that such injuries are generally deemed compensable because they constitute either a change in the employee's condition or a new accident. *Paideia School v. Geiger*, 192 Ga. App. 723, 724 (2) (386 SE2d 381) (1989). The "superadded injury" principle generally has been discussed in regard to consequences stemming from physical injuries which are unrelated to the employee's medical treatment, e.g., psychological disorders, see *West Point Pepperell v. Baggett*, 139 Ga. App. 813 (229 SE2d 666) (1976) (schizophrenia) and *Argonaut Ins. Co. v. Allen*, 123 Ga. App. 741, 742 (182 SE2d 508) (1971) (traumatic neurosis); aggravation of health problems by the work-related injury, see *Globe Indem. Co. v. Brooks*, 84 Ga. App. 687 (67 SE2d 176) (1951) (heart condition aggravated by chest injury); or incapacitating pain in one member caused by the work-related injury. See *Bouldware v. Delta Corp.*, 160 Ga. App. 100 (286 SE2d 333) (1981) (pain in shoulder from injury to arm). However, the "superadded injury" principle has also been applied to hold compensable an incapacitation resulting from medical treatment undertaken to cure the work-related injury, see *Sanders*, supra at 758-759 (1) and *Noles v. Aragon Mills*, 116 Ga. App. 560 (158 SE2d 261) (1967) (skin grafts taken from one healthy leg to repair work-damaged leg), or where the incapacitation resulted when the medical treatment failed to cure the work-injured member, leading to damage to another body part. See *National Surety Corp. v. Martin*, 86 Ga. App. 77 (71 SE2d 666) (1952) (fractured leg bone failed to knit, resulting in damage to hip socket).

Nevertheless, as noted by this court in *Thompson-Weinman Co. v. Yancey*, 90 Ga. App. 213, 221 (82 SE2d 725) (1954), "[t]he provisions of the Work[ers'] Compensation Act in a case of hernia are different from those applying to other injuries." We find that the "superadded injury" principle does not avail appellant because of the language in OCGA § 34-9-266. That statute provides: "In *all* claims for compensation for hernia resulting from injury by accident arising out of and in the course of the employee's employment it must be definitely proved to the satisfaction of the board (1) that there was an injury resulting in hernia, (2) the hernia appeared suddenly, (3) the hernia was accompanied by pain, (4) the hernia immediately followed an accident, and (5) the hernia did not exist prior to the accident for which compensation is claimed." (Emphasis supplied.) The Supreme Court has interpreted this statute as requiring the hernia, or the rupture of the tissues of the abdominal walls from which the hernia is a natural result to appear "immediately and without substantial interval following the [work-related] accident." *Liberty Mut. Ins. Co.*, supra at 338. Thus, given the Board's finding that appellant's hernia condition did not result from his work-related injury and it did not immediately follow the accident, we agree with the Board that OCGA

§ 34-9-266 bars appellant's claim and that appellant cannot recover for his hernia as a "superadded injury" or change of condition from his back injury. See *Perrien v. Southern Co-operative Foundry Co.*, 60 Ga. App. 195 (3 SE2d 240) (1939). The superior court's judgment is accordingly affirmed.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 8, 1992 —
RECONSIDERATION DENIED JANUARY 24, 1992 — ▬▬▬▬

*Harriss, Hartman, Aaron & Wharton, William G. Boyd*, for appellant.

*Mitchell, Coppedge, Wester, Bisson & Miller, Tommy D. Goddard*, for appellees.